ALICE BUCKINGHAM, as Executrix and Trustee, etc., Appellant, *v.* ERASTUS CORNING, Impleaded, etc., Respondent.

A devisee cannot maintain an action to have a mortgage upon the lands devised, executed by his testator to secure a usurious loan, canceled because of the usury, without first paying, or offering to pay, the sum actually loaned; he is not a "borrower" within the meaning of the provisions of the usury laws (1 R. S. 772, § 8 ; § 4, chap. 430, Laws of 1837), declaring such payment or offer to be unnecessary as a condition of granting relief where suit is brought by the borrower.

(Argued February 7, 1883 ; decided March 6, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 30, 1882, which affirmed a judgment in favor of defendant Corning, entered upon an order sustaining a demurrer to the complaint.

The complaint alleged in substance that on the 23d of August, 1866, James Horner and James Ludlum, being partners in business, made and executed in New York, to Erastus Corning, since deceased, their bond and mortgage on certain lands in New Jersey belonging to their partnership, to secure a loan to said partnership from said Corning of $68,915, and that the transaction was usurious ; that afterward said Corning died and the said bond and mortgage came by transfer to Erastus Corning, the defendant, who now owns the same ; that afterward James Horner died, and by his will devised all his interest in the lands covered by the mortgage to the plaintiff, Alice Buckingham, three-fourths of which interest was to

belong to said Alice Buckingham, absolutely, as devisee, and one-fourth of said interest she was to hold as trustee for Susan Horner, and appointed said Alice Buckingham executrix of said Horner's estate ; that the partnership estate of said Horner & Co. is unsettled, and that defendant Andrew Kirkpatrick has been appointed, by the Court of Chancery in New Jersey, receiver of the same, and is now, as such receiver, vested with the title, both real and equitable, of said partnership estate ; that the receiver was requested by the plaintiff to bring this action, or to join with the plaintiff in doing so, and refused.

Plaintiff asked for judgment, declaring said mortgage void for usury, and that it be delivered up and canceled.

There was no allegation in the complaint of any tender or offer before suit brought to pay the plaintiff the sum of money admitted to have been actually loaned.

The defendant Corning demurred to the complaint, on the ground of defect of parties, and that the facts alleged do not constitute a ground of action.

*Theodore W. Dwight* for appellant. Assuming that the plaintiff in this case can be regarded as a borrower, this action can be maintained in its present form. ( *Williams* v. *Fitzhugh*, 37 N. Y. 444; *Wyeth* v. *Braniff*, 84 id. 627.) In a case like the present the plaintiff is a borrower and entitled to the benefits of the statute. (*Post* v. *B'k of Utica*, 7 Hill, 391; *Sands* v. *Church*, 6 N. Y. 347; *Cole* v. *Savage*, 10 Paige, 583; *Livingston* v. *Harris*, 11 Wend. 329; *Williams* v. *Fitzhugh*, 38 N. Y. 444, 448, 449; *Fullerton* v. *McCurdy*, 4 Lans. 132; *Allerton* v. *Belden*, 49 N. Y. 373; *Wheelock* v. *Lee*, 64 id. 242; *Marsh* v. *House*, 13 Hun, 126; *Schermerhorn* v. *Tallman*, 14 N. Y. 93; *Alden* v. *Diossy*, 16 Hun, 311.) The party who had the direct benefit of the loan is a borrower. (*Allerton* v. *Belden*, 49 N. Y. 373; *Wheelock* v. *Lee*, 64 id. 242.) The plaintiff in this case, regarded as the executrix under the will of James Horner, or as trustee of Susan Horner, and as *cestui que trust* under this will, can maintain this action as a "borrower" under the statute. (*Smith* v. *Jackson*, 2

Edw. Ch. 28; *Buckley* v. *Buckley*, 11 Barb. 43; 1 Washburn on Real Property, p. 201, ¶ 12 [4th ed.]; *Foster's Appeal*, 74 Penn. St. 308; *Silvoni* v. *Kirkman*, 1 M. & W. 418, 423; *Quick* v. *Ludburrow*, 3 Bulstrode, 30; *Marshall* v. *Broadhurst*, 1 C. & J. 403; 2 Parsons on Contracts, Part 2, chap. 1, § 8; *Merch's' Ex. Nat. B'k* v. *Com. Warehouse*, 49 N.Y. 642; *Livingston* v. *Harris*, 11 Wend. 343; *EquitableL.Ins. Co.* v. *Cuyler*, 75 N. Y. 515; *Moor* v. *Devoe*, 22 Hun, 208; *Knickerbocker L. Ins. Co.* v. *Nelson*, 78 N. Y. 137.)     An equitable owner may be regarded as a borrower under the statute, as between him and the legal owner. The plaintiff as a beneficiary under James Horner's will, and independent of her executorship, is such an equitable owner. (*Eq. Life Ins. Co.* v. *Cuyler*, 12 Hun, 247, 249; affirmed, 75 N. Y. 511.) The executors of the borrower are included in the term "borrower." (*Livingston* v. *Harris*, 3 Paige, 528; *S. C.*, 11 Wend. 335; *Post* v. *Pres'dt of B'k of Utica*, 7 Hill, 398, 400, 411; *Cole* v. *Savage*, 1 Clarke, 482; 10 Paige, 590; *Wheelock* v. *Lee*, 64 N.Y. 247; *Mech's' B'k* v. *Edwards*, 1 Barb. 271; *Perine* v. *Striker*, 7 Paige, 598; *Morse* v. *Thayer*, 9 id. 197.)

*Amasa J. Parker* for respondent. The complaint does not state facts sufficient to constitute a cause of action, because it does not contain an allegation of a tender before action commenced of the sum borrowed with interest. (*Williams* v. *Fitzhugh*, 37 N. Y. 444, 453; *Rogers* v. *Rathbone*, 1 Johns. Ch. 367; *Bissell* v. *Kellogg*, 60 Barb. 617; *Livingston* v. *Harris*, 11 Wend. 329; *Allerton* v. *Belden*, 49 N. Y. 377; *Post* v. *B'k of Utica*, 7 Hill, 391.) The plaintiff is not a "borrower" within the language of the statute. (*Cole* v. *Savage*, 10 Paige, 583; *Post* v. *B'k of Utica*, 7 Hill, 391; *Vilas* v. *Jones*, 1 N. Y. 274; *Rexford* v. *Midger*, 2 id. 131; *Schermerhorn* v. *Tallman*, 14 id. 94; *Marsh* v. *House*, 13 Hun, 126; *Wheelock* v. *Lee*, 64 N. Y. 242; *Allen* v. *Diossy*, 16 Hun, 311; *Smith* v. *Cross*, id. 487; *Allerton* v. *Belden*, 49 N. Y. 373, 377.) No right of action of a deceased partner, who leaves a surviving partner, exists in the legal representatives

of the deceased. (*Evans* v. *Evans*, 9 Paige, 178 ; Story on Part., § 344; *Solomon* v. *Fitzgerald*, 9 Heisk. 552 ; *Whitney* v. *Cotton*, 53 Miss. 689 ; Jones on Mort., § 1416 ; *Cullum* v. *Butre*, 1 Ala. 126 ; *Jones* v. *Parsons*, 25 Cal. 100.)

ANDREWS, J.	The bond and mortgage executed by James Horner and James Ludlum to Erastus Corning, deceased, dated August 23, 1866, for the sum of $68,915, upon the facts averred in the complaint and admitted by the demurrer, were usurious and void.	The plaintiff, as executor of James Horner, could interpose the defense of usury in an action brought against her in her representative capacity, to enforce the bond, and she could also as devisee of the real estate covered by the usurious mortgage, defend on the same ground, an action of foreclosure. (1 Rev. Stat. 772, § 5 ; *Brooks* v. *Avery*, 4 N. Y. 225.) But the plaintiff as executor cannot maintain an action in equity to have the bond surrendered up and canceled, for the reason that she has a perfect defense at law, and no necessity for an equitable remedy is shown (*Allerton* v. *Belden*, 49 N. Y. 375), and whether as devisee of the land, she can bring an action for relief against the mortgagee to have it canceled as a cloud upon the title, without offering to pay the sum actually loaned, depends upon the question whether the devisee of a mortgagor in a usurious mortgage, is a *borrower* within the meaning of the fourth section of the Usury Act of 1837, or the provisions of the Revised Statutes upon the same subject (1 R. S. 772, § 8).	It was held by the chancellor in *Cole* v. *Savage* (10 Paige, 583), that a grantee with warranty of a mortgagor in a usurious mortgage, of the lands covered by the mortgage, was a borrower within the spirit, though admittedly not within the letter of the statute, and he also expressed the opinion that the statute extended to the sureties, heirs, devisees or personal representatives, of the original borrower.

This broad construction of the statute was overruled by the Court of Errors, so far as it related to grantees of the borrower, in *Post* v. *The Bank of Utica* (7 Hill, 391), in which it was held that a subsequent grantee of premises covered by a usuri-

ous mortgage was not a borrower within the act of 1837. This case was followed in *Rexford* v. *Widger* (2 N. Y. 131), which was an action by a mortgagee to set aside a prior judgment confessed by the mortgagor alleged to be usurious, and which was an apparent lien on the mortgaged premises, and it was held that the action could not be maintained without the plaintiff paying or offering to pay the sum actually due on the judgment. In *Post* v. *The Bank of Utica*, the dictum of the chancellor in *Cole* v. *Savage* that the sureties, heirs, devisees, and personal representatives of the borrower, were borrowers within the act of 1837 was repeated by some of the senators who delivered opinions in that case, but this point was not at all involved in the judgment. In *Vilas* v. *Jones* (1 N. Y. 274), Judge BRONSON expressed the opinion that a surety of a borrower, was not a borrower within the statute. The case did not go off upon this ground, and the point was not then adjudicated. But the point did arise in the case of *Allerton* v. *Belden* (*supra*), where it was held that an accommodation indorser of a usurious note, whose indorsement was made before the note had an inception, and to aid the makers in securing the usurious loan, was not a borrower within the act of 1837, and could not maintain an action for the cancellation of the note without offering to pay the sum loaned. There was another point considered by the court, also decisive of the case, but both points were decided. It is claimed that the decision might have been different if the surety had been a party to the principal contract, but it is to be observed that that was the position of the complainant in *Vilas* v. *Jones*, above referred to, and this court in its opinion in *Allerton* v. *Belden* expressly approved of the observation of BRONSON, J., in the former case, as to the position of a surety under the act of 1837. Nor does there seem to be reason for any distinction depending on the mere form of the surety's obligation.

It will thus be seen that sureties, and grantees, two of the classes of persons supposed by the chancellor in *Cole* v. *Savage*, to be within the statue of 1837, have by subsequent decisions been excluded from its operation. The tendency of judicial opin-

ion to limit the application of the word " borrower " to the person who borrowed the money, and was at the time a party to the contract, and who continued to stand in the position of borrower, is very marked. In *Schermerhorn* v. *Talman* (14 N. Y. 93), it was held that the actual borrower, who had after the usurious loan become bankrupt, and subsequently re-purchased the property covered by the usurious loan, on a sale by the assignee in bankruptcy, could not maintain an action to set aside the usurious security, the decision proceeding on the ground that although he was the borrower in fact, he had lost his character as such by the transfer and the re-purchase of the property, and was not entitled to the benefit of the act. In *Wheelock* v. *Lee* (64 N. Y. 243), it was held that an assignee in bankruptcy could not maintain an action to compel the delivery up of collaterals turned out by bankrupt to secure a usurious loan, or to have an obligation given by the bankrupt therefor declared void for usury, without offering to pay the sum loaned, on the ground that the assignee, although a trustee for both the bankrupt and creditors, was not a borrower within the act of 1837.

This line of cases is, we think, decisive against the maintenance of this action. The opinion entertained in some of the early cases, that the act of 1837, extends to persons claiming under, or in privity with, the original borrower, as well as to the borrower himself, cannot in the light of the adjudications, be supported. The legislature, in the act, used a word having a definite and limited meaning. The act conferred a special and peculiar privilege upon the actual borrower. It permitted him, without conforming to the general and established principle of equity, to keep the money borrowed, and at the same time compel the cancellation of the usurious security. The statute proceeded doubtless in part upon the policy of discouraging usury, but also upon the theory that the borrower was the victim of the usurer. But the privilege is personal purely. The borrower is not bound to avail himself of it, and it may be very inequitable for him to do so. In this case the plaintiff's testator paid the interest on the mortgage

for several years, until his death. He did not exercise the right under the act of 1837, to disincumber his estate of the usurious mortgage during his life, and this right did not, we think, pass upon his death to his heirs, devisees, or representatives.

This leads to an affirmance of the judgment.

All concur.

Judgment affirmed.