Van Brunt, P. J.
The defendant, Tailer, demurred to the complaint herein upon the ground, amongst other *23 things, of misjoinder of causes of action, the alleged cause or causes of action in which he was interested being joined with other causes of action which did not in any way affect said Tailer. The court below held that but one cause of action was set up in the complaint, although affecting various defendants, and overruled the demurrer, and from the judgment thereupon entered this appeal is taken.
Upon an inspection of the complaint it would appear that at least two causes of action are distinctly .set forth. Certain allegations in reference to certain property in Fiftieth street, in the city of New York, form the basis of •charges against the defendant, Tailer, of having entered into an agreement with Bernard Spaulding to loan certain sums of money in connection with the purchase of that property at usurious rates of interest. The allegations of the complaint state in detail the circumstances attending the purchase of the property, the scheme which was entered into in order to evade the usury law, and the manner in which the title was taken for that purpose, and judgment is claimed adjudging certain conveyances to the defendant, Tailer, to be held as security for money loaned and certain of the mortgages held by him described in the complaint to be usurious and void as against the plaintiff.
The complaint, after the completion of the allegations in respect to the property held by defendant Tailer, and in respect to the mortgages held by the defendant Tailer, goes on and alleges that subsequently the defendant Spaulding conveyed certain of his property to one Steen, and that the said Steen conveyed the same to the wife of said Spaulding, which conveyances were made without any valuable consideration and for the express purpose of defrauding his creditors; that mortgages were executed upon said property upon which but a small sum had been advanced by the mortgagee; that after the recovery, of the plaintiff’s judgment, the defendant Spaulding bought certain other property and caused the title to be taken in the name of his wife, the defendant, Rosanna Spaulding, with intent to defraud his creditors; and that said land was subsequently conveyed by Bernard Spaulding and his wife, Rosanna, to their son, James B. Spaulding, with the intent to defraud the creditors of said Spaulding, and that mortgages were executed upon the property in furtherance of the design to defraud the creditors of said Bernard Spaulding. The complaint also .contains an allegation that Rosanna Spaulding, after the conveyance of the title of the premises deeded to her, executed and delivered to the defendant Tailer an instrument in writing whereby she authorized Tailer fco collect the rents, issues and profits of the land and apply the same towards the mortgages which he held upon the same.. *24 The complaint also alleges the conveyance of another piece of property from said Bernard Spaulding to Bosanna Spaulding in fraud of creditors, and asks judgment that-these various conveyances may be set aside, and that the mortgages may be declared void as against the plaintiffs, and that a receiver of the property be appointed.
It would appear that the cause of action alleged against the defendant Tailer in connection with the deeds and mortgages which he holds is entirely independent and distinct, ana proceeds upon an entirely different theory from the cause of action based upon the fraudulent disposition of property by the defendant Spaulding.
There is no allegation that the transactions with Tailer had any connection with or formed any part of the scheme by which Barnard Spaulding put some of his property in the hands of his wife and some in the hands of his son for the purpose of defrauding his creditors. The allegations against the defendant, Tailer, are simply that he made a usurious agreement with Spaulding in respect to the property in Fiftieth street, and prays judgment declaring the mortgages executed in pursuance of this agreement, usurious, and the conveyance given to secure the balance of the money to be a mortgage although absolute on its face.
It is needless upon the decision of this demurrer for us to decide whether the plaintiff can maintain an action to set aside these mortgages without tendering or offering to pay the amount which may be equitably due thereon. But it is clear from a careful reading of the complaint that the allegations affecting Tailer’s deed and mortgages have no relation whatever to the other conveyances of property made for the purpose of defrauding creditors. Merely because a man executes a mortgage for a usurious loan, does not make the transaction fraudulent, nor does it necessarily give the creditor the right to intervene to set aside the security. Buckingham v. Corning, 91 N. Y., 525; Munay v. Judson, 9 N. Y., 73.
It is undoubtedly true that conveyances made to different grantees in pursuance of a common- design to defraud the creditors of the grantor may be attacked by a judgment creditor in a single action, but there the cause of action upon which the whole fabric of the right of recovery rests in the fraudulent intent or scheme of the grantor to dispose of his property with intent to hinder, delay and defraud creditors, and although there may be divers conveyances in perfecting this scheme, still the whole foundation of the action is the scheme itself, and hence there is but one cause of action although it may affect different individuals differently. In the case at bar the cause of action alleged against the defendant, Tañer, proceeds upon the ground of usury *25 and has no connection or relation to the cause of action set up against the other defendants which is based upon the scheme of Spaulding to so place his property that it cannot be reached by creditors. The only allegation affecting the good faith of Tailer is that he made a usurious agreement with Spaulding by which he received $122,000 of mortgages having ad • vanced but $110,000. It seems therefore, to be apparent that Tailer was not interested in any of the othep causes of action mentioned in the complaint and that his dealings with the defendant, Bernard Spaulding, had no relation whatever to the scheme of Spaulding to defraud his creditors although some of the property upon which he held mortgages was subsequently conveyed by Spaulding in pursuance of that scheme. If the plaintiffs have any standing in court to attack these mortgages as usurious it must be done by a separate action against the defendant, Tailer.
The judgment overruling the demurrer must be reversed, and the plaintiff allowed to amend on payment of the costs-of the demurrer and of the appeal.
Daniels. J. concurs.