BLISS v. SHERRILL et al.

(Supreme Court, Special Term, Erie County. October 18, 1896.)

1. MORTGAGES—LOAN BY AGENT—EXACTION OF BONUS IN EXCESS OF LAWFUL INTEREST.

Where a loan is made by an agent, and, in addition to the lawful interest, he exacts an unreasonable bonus from the borrower for his own use, without his principal's knowledge, and the bonus is deposited to the principal's credit, it is so far a payment of the loan by the borrower, though at the time of its deposit the principal supposed it to be a payment, as the agent intended it to be, on an indebtedness of the agent, and did not know that it was in any way connected with the loan.

**2. SAME—APPLICATION OF BONUS TO PAYMENT OF LOAN.**

Where a loan is made by an agent, and, in addition to the lawful interest, he exacts from the borrower an unreasonable bonus for his own use, without his principal's knowledge, and, without a knowledge of the facts, the principal sues to recover the whole loan, the bonus will be credited as a payment on the loan, in the absence of any evidence that any injustice will be done thereby.

Action by Nancy E. Bliss against Charles L. Sherrill and others to foreclose a mortgage. A decree is rendered in favor of plaintiff, with the application to the principal indebtedness of a bonus exacted by plaintiff's agent as a consideration for the loan, in excess of lawful interest.

Norris Morey and Frank E. Sickles, for plaintiff.

George Clinton and Vernon Cole, for defendant Charles L. Sherrill.

WHITE, J. This is an action to foreclose a mortgage upon certain premises in Buffalo, N. Y. The mortgage was given to secure a loan of $50,000, which the plaintiff agreed to make to the defendant Charles L. Sherrill, to enable him to complete a building in process of construction when the agreement was made. The amount of the loan was to be advanced in installments, as the work upon the building progressed. Thirty thousand dollars was advanced on November 3, 1894, and the further sum of five thousand dollars on June 11, 1895. By reason of default on the part of Sherrill in failing to keep his part of the agreement pursuant to which the loan was to be made, no further amount was advanced by the plaintiff. The defense interposed by the defendant Charles L. Sherrill is usury, and payment to the extent of $10,000. Joshua S. Bliss is the husband of the plaintiff, and, as her attorney in fact, transacted all of the business in connection with the making of the agreement to loan the $50,000 to Sherrill. Bliss' agency for his wife was general, without any restrictions or limitations. George H. Sickles, a real-estate agent and loan broker, and his brother Frank S. Sickles, an attorney at law, were employed by the plaintiff, through her husband, to assist him in making the agreement for and placing the loan. Those three gentlemen managed and conducted the entire business on the part of the plaintiff, she taking no part therein personally. The defendant Sherrill at first applied to one Spencer S. Kingsley, a real-estate agent and loan broker, to procure the loan for him. Kingsley, being unable to do so, introduced him to said George H. Sickles, and the plaintiff's husband was notified of the application by said George H. Sickles. Sickles had been employed by the plaintiff to make loans for her before such application by said Sherrill, and was then the agent for her for that purpose. When the application was made by Sherrill to Sickles, Sickles informed him that he thought the loan might be made, but that, if it was, he (Sherrill) would have to pay $10,000 for getting it, and Sherrill agreed to do so. Thereupon it was agreed between Bliss and the Sickles brothers that, in case the loan was made, the $10,000 to be paid by Sherrill should be divided between themselves and Kingsley. The loan was agreed to be

v.42N.Y.s.no.2—28

made; and on November 3, 1894, the bond and mortgage in suit were delivered by Sherrill, and at the same time the plaintiff advanced him $30,000 thereon. At the same time, the said Sherrill deposited said $30,000 in the Bank of Commerce, and drew against it a check for $10,000, payable to said George H. Sickles as "agent," and delivered said check to said Sickles, in payment of said $10,000 so exacted by said Sickles. The proceeds of said check were then divided as follows: To Kingsley, $625; to Joshua S. Bliss, $5,000; and the balance of said $10,000 to said Sickles brothers, in substantially equal portions. Said Bliss very soon thereafter deposited $5,000 in the Union Bank of Buffalo, to the credit of the plaintiff, where she then had an account. Bliss was largely indebted to his wife at the time, and represented to her that such deposit was a payment of that amount upon such indebtedness; and she believed it to be so, and had no knowledge or information as to the manner in which he had obtained the said $5,000 until after the commencement of this action, nor did said plaintiff ever know or have any information concerning the exaction, receipt, and division of said $10,-000 until after the commencement of this action.

It is not seriously questioned, as I understand it, that, if the plaintiff had known of and participated personally in that transaction, the mortgage in suit would be usurious and void; but, whether questioned or not, it certainly would be. Within the rule of law laid down by the court of appeals in the case of Philips v. Mackellar, 92 N. Y. 34, the receipt of the $5,000 by the plaintiff's husband, under the arrangement made between him and the Sickles brothers, and the deposit of that money by him to her credit, as disclosed by the evidence, operated as a payment of that amount by Sherrill upon the mortgage, notwithstanding the fact that, at the time it was so deposited, the plaintiff was ignorant of the facts, and supposed, and had the right to suppose, it was a payment to her on an independent matter, having no connection with or relation to the loan to Sherrill, and notwithstanding the fact that Joshua S. Bliss intended it to be such a payment. So far, then, as this $5,000 is concerned, it must be considered and treated as a payment upon the indebtedness secured by the mortgage.

It is strenuously urged by the learned counsel for the plaintiff that the remaining $5,000 of the $10,000 retained by the Sickles brothers and Kingsley is not to be so treated or considered, because no part of that has ever come into the hands of the plaintiff. In the examination which I have been able to make of adjudged cases, I have not found one that, as a precedent, is on all fours with the case in hand; but there seems to be no reason why Joshua S. Bliss should be deprived, by operation of law, of his share of the $10,-000, against his own wish and the intention of both himself and his wife when he paid it over to her, and his fellow agents and attorneys in the transaction be permitted to retain the money derived by them therefrom, for the sole reason that they have not yet paid it over to the principal, whom they all alike acted for and represented. It was perfectly competent for any and all of those who represented the plaintiff in this transaction to have charged and

received any reasonable compensation for legitimate services rendered to or at the request of Sherrill in procuring this loan, and to have exacted the payment for these services from him; but if the Mackellar Case is, as I think it is, an authority for holding that the $5,000 received and paid over by Bliss must be treated as a payment upon the mortgage, then it necessarily follows that the charge of $10,000 was not a lawful charge for such services, but that, on the contrary, it was illegally exacted and received by those who represented the plaintiff in the transaction in which it was received; and I cannot escape the conclusion that contractually the plaintiff is bound by the acts of her agent and attorney in the transaction under discussion, having, with knowledge of the facts, sought to enforce the mortgage for the whole amount advanced by her, which includes the $10,000 paid by Sherrill to her agents, as disclosed by the evidence. The law wisely says that she shall not forfeit her security in consequence of those acts, because she was ignorant of them at the time they were done and performed, and that subsequent ratification of them shall not constitute the offense or crime of usury; but it does not follow that the plaintiff, as principal, is not responsible ex contractu for the acts of her agents and attorney in and about the business intrusted to them, nor that an agent to loan money is incapable of binding his principal by contract, where such contract, if assented to when made by the principal, would be pronounced usurious by statute. If, then, the exaction and receipt of the $10,000 was illegal, and the attempt by the plaintiff to foreclose the mortgage for the $35,000 is a ratification of those illegal acts of her attorney and agents, in the absence of evidence that any injustice will be done thereby the whole of said $10,000 should be treated as a payment upon the mortgage sought to be foreclosed.

Upon discovering the facts, the plaintiff is bound to repudiate and rectify the wrongful acts of her agents and attorney so far as she may be able to do so. The only effectual way to remedy the wrong now is by crediting the defendant Sherrill with the $10,000 as a payment.