EDWARD A. ROLLINS, as Surviving Partner of the Firm of ROLLINS & Co., Respondent, *v.* EVERETT BARNES, Appellant.

*Mortgage — assigned to secure a loan — limit of recovery thereon.*

Where a bond and mortgage, intended as collateral security for the repayment of a loan theretofore made, is executed by a brother of the borrower to the clerk of such borrower, and is assigned by the clerk to the lender, who has knowledge of all the material facts, the lender cannot recover upon the bond and mortgage its full face value, but only the amount of the loan.

APPEAL by the defendant, Everett Barnes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 2d day of September, 1896, upon the report of a referee.

*Henry Parsons,* for the appellant.

*George W. Poucher,* for the respondent.

HATCH, J.:

The purpose of this action is to foreclose a mortgage. The complaint alleged that the mortgage was made to secure a bond in the sum of $3,500 executed by the defendant to one Francis J. Sheehan, and was by said Sheehan assigned to the plaintiff in the action, who thereby became the owner for the full amount secured thereby. The answer alleged that the bond and mortgage were made upon request of one Reon Barnes, a brother of the defendant, for the

accommodation of the former, and for the purpose of being used as collateral security for the extension and payment of a loan of $2,000 theretofore made by plaintiff to said Reon, of all of which the plaintiff had full knowledge at the time of the making of said assignment, and that this was the only consideration therefor. It appeared upon the trial, without dispute, that the mortgage was made by the defendant at Reon Barnes' request to Sheehan, who was a clerk in the office of Reon Barnes, and that Sheehan in like manner, upon request, assigned the same to plaintiff. It is, therefore, made clear that the mortgage in Sheehan's hands had no valid inception, and it was without vitality until assigned by the latter to plaintiff.

It is without dispute that plaintiff only advanced to Reon Barnes the sum of $2,000 for the mortgage, and this fact is unaffected whether the transaction between plaintiff and Reon Barnes be treated as an extension of a loan already in existence or as a direct loan of $2,000, or whether it was an absolute sale as the referee has found.

The legal effect of the transaction as between the parties to this action remains the same whatever the fact be. When plaintiff took the assignment of the mortgage he took it charged with whatever equities then existed against it in favor of defendant. In Sheehan's hands it was unenforcible. As it could not then be enforced, so it could not thereafter be enforced for any greater equity than a *bona fide* purchaser acquired therein. By the execution of the mortgage defendant had placed it in the power of Sheehan or Reon Barnes to negotiate it, and if they negotiated it for its face it would become in the hands of a purchaser a *bona fide* lien to that extent. But no purchaser could, as against the defendant, acquire any greater interest therein than the value he parted with. Consequently, as plaintiff concededly paid but $2,000 for the mortgage, that sum represented the amount to which he became entitled to have the same enforced. The judgment ordered by the referee allows a recovery for the full amount secured by the mortgage. As plaintiff is only entitled to enforce the mortgage for the sum of $2,000, the judgment should be reversed, unless plaintiff stipulates, within twenty days after service of the order entered herein, to reduce the same to $2,000 and interest thereon; and if he

so stipulates the judgment will be affirmed, without costs of this appeal to either party.

All concurred, except BRADLEY, J., who concurred in the result.

Judgment reversed and new trial granted, costs to abide the event, unless plaintiff stipulates, within twenty days, to reduce the amount of the judgment to $2,000 and interest. If such stipulation is filed, the judgment so modified is affirmed, without costs.