(10 App. Div. 135.)

BIDWELL v. SULLIVAN et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

PLEADING—FRIVOLOUS ANSWERS—DENIAL ON INFORMATION AND BELIEF.
    An answer by a junior mortgagee in an action to foreclose the first mortgage is not frivolous because the denial of the allegations of the complaint is on in- formation and belief.

Appeal from special term, New York county.

Action by Clara E. Bidwell against Maurice J. Sullivan, impleaded, to foreclose a mortgage. From an order directing judgment for plaintiff, on the ground that the answer was frivolous, defendant Sullivan appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. W. Hoover, for appellant.

W. W. Thompson, for respondent.

RUMSEY, J. The action was brought to foreclose a mortgage, and the complaint contained the usual allegations. So far as the defendant Sullivan was concerned, the only allegation as to his interest was the general one that the defendants have or claim to have some interest or lien which accrued subsequent to the lien of the mortgage sought to be foreclosed. The plaintiff alleged the due recording of the mortgage to foreclose which the action was brought. The answer which was declared to be frivolous contained, in the first place, a denial that the defendant had any knowledge or information sufficient to form a belief as to any of the allegations in the plaintiff's complaint contained, save and except that the defendant claims a lien upon the premises described therein. The answer then went on to allege the facts showing that the defendant Maurice J. Sullivan held a mortgage upon the premises, which was set out in his answer, and from which it appears that the mortgage was executed and recorded subsequent to the date at which the plaintiff alleges that her mortgage was recorded. The answer was adjudged to be frivolous, apparently upon the ground that the defendant was bound to take notice of the fact of the recording of the prior mortgage, and therefore he was not at liberty to set up a general denial, because he had no knowledge or information sufficient to form a belief. While the record of the mortgage is undoubtedly notice of its existence to any one who has occasion to examine the record, yet it clearly is not proof of the due execution and delivery of the mortgage, although it may raise a presumption of those facts; and those facts are put in issue by the denial of the defendant, in the form in which the statute permits him to make it, as much as any other facts. Although a defendant may be able, by inquiry, to ascertain whether the allegations of the complaint are true, he is not bound to do so; and, unless such allegations are necessarily within his personal knowledge, an answer in the form of this one is not frivolous. When, therefore, the defendant here interposed this answer, in the form in which the statute authorized him to put it, he had raised an issue which the law authorized him to make; and, in the absence of any proof that the answer was sham, it was clearly not proper for the court to order a judgment upon it.

For these reasons, the action of the court in directing judgment was erroneous, and the order appealed from should be reversed, with $10 costs and disbursements, and the motion for judgment denied, with costs. All concur.