SECURITIES ACCEPTANCE CORPORATION, Plaintiff, *v.* E. M. KANE COMPANY, INC., and Others, Defendants.

Supreme Court, New York Special Term, October, 1922.

Mortgages — foreclosure — pleading — when no issue raised — action against corporation — corporation may not plead usury — judgment ordered under Rules of Civil Practice, rule 112 — General Business Law, § 374.

Allegations of a complaint in a foreclosure action to the effect that the mortgagor received the money for which the mortgage was given and retained the same and the benefits thereof are unnecessary to a complete statement of the cause of action, and an answer thereto which is a general denial raises no issue.

Such a denial being in the form of a negative pregnant is ineffective and the defense if valid at all is subject to section 262 of the Civil Practice Act.

Under section 374 of the General Business Law a corporation may not plead usury, and a statement in defendant's affidavit on plaintiff's motion for judgment on the pleadings, that less than the face amount of the mortgage was received by the mortgagor, is only a matter for consideration upon a reference to compute the amount due.

While rule 113 of the Rules of Civil Practice does not include foreclosure actions, the plaintiff having also asked for judgment under rule 112, judgment is ordered accordingly.

MOTION for judgment on pleadings.

*Frank M. Holahan,* for plaintiff.

*Joseph & Zeamans* (*Harold R. Zeamans,* of counsel), for defendants E. M. Kane Company, Inc., and Harry S. Babcock.

MARSH, J. The allegations in the complaint to the effect that the mortgagor " received the money for which the mortgage was given and retained the same and the benefits thereof " were unnecessary to a complete statement of the cause of action for foreclosure. The answer, therefore, denies only immaterial allegations and thus raises no issue. The denial is also ineffective because in the form of a negative pregnant. The defense at most would be partial and, if valid at all, would be subject to the requirements of the Civil Practice Act (§ 262). As a corporation cannot plead usury (Gen. Business Law, § 374) the fact asserted in the defendant's affidavit, namely, that less than the face amount was received by the mortgagor, seems to be at most a matter for consideration in connection with computation of the amount due. See *Rollins* v. *Barnes,* 11 App. Div. 150; *Scheidell* v. *Llewellyn Realty Co.,* 177

N. Y. Supp. 529; *Schanz* v. *Sotscheck*, 167 App. Div. 202. Rule 113 does not include foreclosure actions, but plaintiff has also asked for judgment on the pleadings under rule 112, and judgment will be ordered accordingly. The matter will be referred to A. Parker Nevin, as referee, to compute the amount due.

Ordered accordingly.