EVERETT GORDON REED, Respondent, *v.* NEU-PRO CONSTRUCTION CORPORATION and Others, Defendants, Impleaded with LOUIS J. CASTELLANO, Appellant.

First Department, May 10, 1929.

*Charles Weishaupt*, for the appellant.

*Benjamin H. Whitestone* of counsel [*Henry A. Blumenthal*, attorney], for the respondent.

MERRELL, J. The action is brought to foreclose a mortgage on real property because of the alleged default of the defendants in failing to pay an installment of $1,583.84 of principal and interest falling due on September 5, 1928, and for failure to pay taxes assessed against the real property covered by the mortgage for thirty days after notice and demand.

The defendant, appellant, Castellano is the holder of a subsequent mortgage to that of plaintiff and is defending the action upon the ground that the plaintiff is not entitled to foreclose. The answer of said defendant puts in issue the allegations of the complaint as to the alleged defaults. As a separate defense the answer of the appellant alleges the tender before suit by the owner of the equity of redemption in the property of the $1,583.84 due for principal and interest on the mortgage on September 5, 1928.

The motion was made by plaintiff upon an affidavit and upon the pleadings. It is the apparent contention of the plaintiff, respondent, upon this appeal, that he moved under rule 104 of the Rules of Civil Practice, although plaintiff's notice of motion does not so state. That rule provides: " If an answer or reply be sham or frivolous the court may treat the pleading as a nullity and give judgment accordingly, or allow a new pleading to be served upon such terms as the court deems just."

Upon a motion under rule 104 affidavits cannot be considered. (*King Motor Sales Corporation* v. *Allen*, 209 App. Div. 281.) In making this motion to strike out the defendant, appellant's answer as frivolous and sham and for the purpose of delay only, and asking judgment in favor of plaintiff upon affidavits, the motion clearly must be considered as having been made under rule 113 of the Rules of Civil Practice. But rule 113 could not afford plaintiff relief, because the action is neither upon a contract, express or implied, sealed or not sealed, nor on a judgment for a stated sum, as provided by said rule. It has been expressly held that rule 113 does not apply to foreclosure actions. (*Securities Acceptance Corporation* v. *Kane Co., Inc.*, 119 Misc. 354; affd., 207 App. Div. 840.) Furthermore, even though said rule applied, the denials contained in the answer of the defendant, appellant, and the affidavits in opposition to plaintiff's motion clearly show that there are issues of fact as to plaintiff's right to foreclose his mortgage, and also upon the question of plaintiff's having elected, by reason of non-payment of taxes, to declare the entire mortgage debt due. In support of plaintiff's motion his attorney, Henry A. Blumenthal, makes affidavit that on July 24, 1928, he sent to the owner of the equity of redemption a letter wherein he demanded the payment of the taxes on the property for the first half of 1928, which became due on May 1, 1928, amounting to $5,420, and the immediate payment of water rates assessed against said property for 1928, amounting to $613.28. The opposing affidavits show that the owner of the equity of redemption never received any notice or demand for the payment of said taxes or water rates. In support of such claim the appellant furnishes the affidavit of Rudolph Procario,

secretary and treasurer of the defendant Neu-Pro Construction Corporation, the owner of the equity of redemption, and of Louis Neuburger, the president of said corporation. These affidavits state that no such letter as is claimed to have been sent by plaintiff to the defendant corporation and which was addressed, according to the alleged copy thereof attached to the affidavit of Blumenthal, to attention of Mr. Louis Neuburger, president, was ever received by either of said officers, and that no notice or demand was ever received by the corporation or anybody connected with it for the payment of said taxes or water rates. Under a clause in the mortgage, where such taxes remain due and unpaid for thirty days after demand, the mortgagee is entitled to declare the whole amount unpaid upon the mortgage due at once. The present action was not commenced until sometime in October, 1928, when the defendants were served with the summons and complaint herein. The affidavit of Theodore Schlesinger, read in opposition to the plaintiff's motion, is to the effect that on September 8, 1928, and again on September 10, 1928, he tendered to plaintiff's attorney the amount of $1,583.34, with interest thereon to the eighth and tenth days of September, respectively, in payment of the installment of principal and interest due upon said mortgage on September 5, 1928; that both of said tenders were made long before the present action to foreclose was commenced, and before plaintiff's alleged election to call the entire mortgage debt due; that the attorney for plaintiff declined to receive the same; that when the first tender was made at the house of the plaintiff's attorney on Saturday, September 8, 1928, plaintiff's attorney then told Schlesinger that he did not do business at his house, but at his office; that on September tenth following, which was on Monday, Schlesinger went to the office of the plaintiff's attorney and again tendered the said installment together with interest, but that Blumenthal refused to accept the same unless the entire balance of the mortgage debt of $12,000 and interest was paid. The affidavit of Neuburger, the president of the defendant Neu-Pro Construction Corporation, stated that plaintiff's attorney had the bond and mortgage in his possession and that all previous amounts due on the mortgage for monthly installments of principal and interest were paid to and received by him for plaintiff, and that plaintiff himself authorized the payments to Blumenthal in his behalf and had never given either the owner of the equity of redemption or its president word to the contrary; that on August 5, 1928, the installment then due was paid to and accepted by Blumenthal; and that at that time he made no mention of any letter of July twenty-fourth or of any other demand for the payment of taxes or water rates, and did not refer thereto.

In order to make the election to call the entire sum due for failure to pay the taxes and water rates, it was necessary for the plaintiff to make demand therefor of the owner of the equity of redemption. The affidavits deny the making of any such demand or the receipt of the letter claimed to have been sent by plaintiff's attorney on July 24, 1928. Furthermore, it is not claimed that the tender of the installment of principal and interest which fell due on September fifth, made to plaintiff's attorney, was irregular or insufficient in amount. It is not disputed that such tender was made before the action was actually commenced. Under such circumstances, even though a motion to strike out and for judgment could have been made under rule 113, we think the answer and affidavits in behalf of the defendant, appellant, raised issues which could not be determined upon a motion to strike out the answer. The appellant has an interest to defend and has a right to contest the plaintiff's right to foreclose his mortgage. We do not think the answer was frivolous or sham. (*Bidwell* v. *Sullivan,* 10 App. Div. 135; *Manne* v. *Carlson,* 49 id. 276.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion deried, with ten dollars costs.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.