ANN TONER, Respondent, v. WINSTON W. EHRGOTT and Another, Appellants.

First Department, May 24, 1929.

*David Kaplan*, for the appellants.

*Frederick Weiss* of counsel [*Frederick & Jerome Weiss*, attorneys], for the respondent.

O'MALLEY, J. The action is for the foreclosure of a so-called consolidated mortgage. The plaintiff moved for judgment under rules 104, 109, 110 and 113 of the Rules of Civil Practice. The motion was made upon the pleadings and affidavits. So far as the motion under rule 113 is concerned, summary judgment in an action of this character may not be ordered. (*Securities Acceptance Corporation* v. *Kane Co., Inc.*, 119 Misc. 354; affd., 207 App. Div. 840.) Of the remaining rules under which the plaintiff moved, rule 110 is the only one under which affidavits may be used. In our view this case is not one for the application of rule 110. The only subdivision thereof that is at all pertinent is subdivision 4, which authorizes a motion for judgment where " the claim or demand set forth in the counterclaim has been released." No claim of a formal release is made, but only such as might inferentially arise by operation of law. Assuming, without holding that the rule is applicable to such a situation, we are of opinion that upon the facts here presented no release is established with sufficient clearness to justify a summary disposition of the counterclaim. It

remains to be determined whether upon the pleadings themselves plaintiff was entitled to the order and judgment appealed from.

The pleadings consist of a complaint, an amended answer containing a counterclaim, and a reply. So far as the reply is concerned it need not be further considered save for the statement that it puts in issue the material allegations of the counterclaim. Its allegations by way of various defenses are immaterial on this motion inasmuch as they must be deemed controverted.

The complaint alleges that on September 29, 1925, the defendant Wilder and one McMahon gave their bond in the sum of $9,500 to the Museum Operating Corporation secured by a mortgage upon the premises in question; that such mortgage by certain mesne assignments passed on October 17, 1927, to a corporation known as M. C. Berg, Inc.; that the defendant Ehrgott and one Alida Ehrgott, on October 19, 1927, executed and delivered to the Berg corporation their bond in the sum of $3,500, and as collateral security therefor delivered a mortgage on the same premises; that on the last-mentioned date the Berg corporation, by agreement with the mortgagors in the last-mentioned instrument, consolidated the two bonds and mortgages already mentioned; that the Berg corporation thereafter, for value, assigned the consolidated bond and mortgage to the plaintiff, thereby making the consolidated mortgage one second lien on the premises in the sum of $10,000, and extending the maturity date thereof to October 19, 1929.

It is further alleged that the consolidated mortgage contained a provision among others that the principal thereof should become due in case of default of principal or interest on a prior mortgage, and that, should such remain unpaid for a period of ten days, the consolidated mortgage should become due and payable; that the defendant owner of the premises or any defendant under obligation to pay installments on the prior mortgage had defaulted and that the plaintiff had paid such installments. Plaintiff's election to call the consolidated mortgage is alleged, the principal of which was claimed to be $9,750, with interest from January 19, 1928, and in addition thereto the sum paid by the plaintiff to the first mortgagee. It is finally alleged in paragraph 17: " That each and all of the defendants herein have or claim to have some interest in or lien upon the said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequently to the lien of said mortgage and is subject and subordinate thereto."

The prayer for relief is the usual one in foreclosure actions and the only defendants against whom a deficiency judgment is prayed are the defendants Winston W. Ehrgott and Alida Ehrgott.

The amended answer denies any knowledge or information

sufficient to form a belief as to the assignment of the Wilder and McMahon mortgage; payment by the plaintiff of any sum to the first mortgagee; that there is any sum due plaintiff; that no other action has been brought for the recovery of the sum secured; or that each and all of the defendants claim some interest or lien accruing subsequent to the lien of said mortgage, or which is subordinate thereto.

The counterclaim of the defendants alleges the execution of the Wilder-McMahon mortgage and the various assignments ending in the Berg corporation. It is alleged that prior to October 19, 1927, said mortgage had been reduced to $6,500, at which time it was overdue, and that the Berg corporation was demanding payment thereof and threatening to foreclose unless payment was made by the defendant Winston W. Ehrgott, the owner of said property; that on the last-mentioned date a corrupt and usurious agreement was made between the Berg corporation and Winston W. Ehrgott and Alida Ehrgott, whereby the Berg corporation agreed to loan and advance to the former the sum of $10,000 pursuant to the terms of the consolidation agreement already referred to, and that for said loan and forbearance the Berg corporation charged as a corrupt and usurious interest the sum of $1,500; that in pursuance of said agreement the Berg corporation agreed to take over the mortgage of $6,500 then overdue, and the defendants Ehrgott agreed to execute and deliver a mortgage in the sum of $3,500 and an agreement consolidating the aforesaid mortgages; that in pursuance of said usurious and corrupt agreement the Berg corporation advanced to the defendant Winston W. Ehrgott the sum of $8,500 and usuriously and corruptly reserved the sum of $1,500 over and above the lawful rate of interest, all of which was done with the intent and purpose of exacting more than the legal rate of interest; that the Ehrgotts, to secure such usurious loan and in pursuance of said corrupt agreement and for the forbearance of said loan and for the execution of the agreement consolidating the two mortgages, and with the intent of paying more than the legal rate of interest, executed and delivered to the Berg corporation a bond and mortgage on the property in question for the sum of $3,500, and further executed the agreement consolidating the said mortgage with the Wilder-McMahon mortgage, making a total mortgage of $10,000; that the plaintiff took title to said mortgage with full knowledge of the usurious and corrupt agreement under which the consolidated mortgage was made, and that because of such corrupt and usurious agreement the bond and mortgage and the consolidation agreement and the mortgage for $6,500 were usurious and void. Judgment dismissing the complaint is demanded.

Whether or not the denials in the answer, particularly in view of their form and of the matters intended to be controverted, raise any issues on a motion addressed to the pleadings, need not be decided. We are of opinion that the defense of usury, pleaded also as a counterclaim, if proved, would constitute a good defense, at least so far as the defendant Ehrgott is concerned. From such defense it must be assumed that the consolidated mortgage was for a total sum of $10,000, made up of $6,500 by way of forbearance on the Wilder mortgage as reduced, and a loan of $3,500 on the later mortgage executed by the defendant Ehrgott and Alida W. Ehrgott.

It must be further taken as true that in addition to the maximum interest allowed by law, plaintiff's assignor exacted a bonus of $1,500, and that while the later mortgage was for a sum of $3,500, but $2,000 was actually advanced. These facts, if proven, would establish a usurious transaction, void under sections 370 *et seq.* of the General Business Law.

The defendant Wilder, however, is in a somewhat different position. So far as appears from the pleadings under consideration, she neither consented to, joined in, nor in any way approved or ratified the change in terms of the Wilder-McMahon bond and mortgage on which she was liable. She was, therefore, by such change and consolidation relieved from all personal liability. For aught that appears, however, she still may have some secret or latent interest in the equity. This being so, it seems to us that she should be entitled to plead the defense of usury and the counterclaim based thereon. Particularly is this so in view of the allegation of paragraph 17 of the complaint to the effect that she has or claims to have some interest or lien upon the premises which has accrued subsequently to the lien of plaintiff's mortgage, and which is subject and subordinate thereto. A junior lienor is entitled to thus attack an alleged prior lien. (1 Wiltsie Mort. Forc. [4th ed.] § 153, p. 214; Thomas Mort. [3d ed.] § 664, pp. 525, 526, and cases cited.)

It is to be borne in mind that this disposition is made in the light of the pleadings to which we are limited, without consideration of the matters pleaded in the reply. From the whole record and the briefs presented it is not improbable that a different legal aspect with respect to the parties as between themselves will be disclosed at the trial and a different conclusion reached as to their ultimate rights. If the facts set up in the reply are established, it is not at all unlikely that plaintiff will be entitled to the judgment here appealed from. In this view of the case we think a preference should be granted if plaintiff so desires, so that an immediate trial may be had.

It follows that the judgment and order should be reversed and the motion denied, with costs to the appellants to abide the event of the trial of the action.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and motion denied, with costs to the appellants to abide the result of the final judgment in the action.