### In re LANGER.
### No. 24664.

District Court, E. D. New York.
March 16, 1934.

William Biel, of New York City (A. Norman Somers and Joseph I. Green, both of New York City, of counsel), for Davis Drug Stores, Inc.

Raphael S. Sternfield, of New York City (Edwin M. Slote, of New York City, of counsel), for Nathaniel Agris.

GALSTON, District Judge.

The referee found that the transaction between Agris and Shapiro & Greenstein was usurious, as it clearly was. The effect, however, of that conclusion inevitably taints the chattel mortgage held as security for the loan. To hold the loan itself void because it was usurious, and at the same time to permit the lender to avail himself of the collateral security, would present a most contradictory situation. If the transaction is void, it falls in all its aspects, and the security in the hands of the lender cannot be enforced. So much seems to be clearly indicated in De Witt v. Brisbane, 16 N. Y. 508.

The effort to prove that Agris held the mortgage as a purchaser and not as collateral for the Shapiro & Greenstein notes is specious. No one can envision the transaction as other than a loan by Agris to Shapiro & Greenstein, in which the chattel mortgage was to be security for the loan.

Nor can I agree with the conclusion of the referee that the Davis Drug Stores, Inc., cannot raise the defense of usury, on the ground that it is a stranger to the transaction. The cited authorities, Yormark v. Waldman, 127 Misc. 748, 217 N. Y. S. 501, Levy v. Hallager, 119 Misc. 695, 197 N. Y. S. 257, and Williams v. Tilt, 36 N. Y. 319, certainly do hold that a stranger to the trans-

action cannot raise the defense of usury; but they do not hold that in such circumstances as are presented herein the Davis Drug Stores, Inc., should be classified as a stranger to the transaction. Here, the Davis Drug Stores, Inc., is a junior mortgagee. I agree with counsel for the Davis Drug Stores, Inc., that Williams v. Tilt, cited above, holds that a junior lienor is in privity with the borrower, even when the junior lien was obtained by virtue of an execution upon a judgment against the borrower. Dix v. Van Wyck, 2 Hill, 522, and Post v. Dart, 8 Paige (N. Y.) 639, cited in Williams v. Tilt. See, also, Thompson v. Van Vechten, 27 N. Y. 568; Union Dime Savings Institution v. Wilmot, 94 N. Y. 221, 46 Am. Rep. 137; Toner v. Ehrgott, 226 App. Div. 244, 235 N. Y. S. 17.

Accordingly, the order directing the trustee to pay Agris the sum of $2,225.25 with interest should be reversed. Settle order on notice.