THE UNION DIME SAVINGS INSTITUTION OF THE CITY OF NEW YORK, Appellant, v. OSEE W. WILMOT et al., Respondents.

It is the right of a person, in order that he may obtain more than the lawful rate of interest for his money, to require securities which have had a valid inception, and which he may lawfully purchase at a discount greater than such rate, and when securities appearing on their face to be valid and subsisting obligations are produced to him, and he purchases them upon the faith of representations on the part of the parties thereto that they are what they appear, and that there is no defense, the parties are estopped from claiming that they had in fact no inception until thus purchased and so that they are usurious.

The estoppel also binds the privies in estate of the parties, and when the securities so purchased are a bond and mortgage, a subsequent lienor, whether by mortgage or mechanic's lien, may not interpose the defense of usury, as such lienor can have no better right than the owner or borrower had at the time the lien was created.

*It seems* that under the law of this State a subsequent lienholder, by mortgage, judgment or mechanic's lien, may avail himself of the defense of usury against a prior mortgage.

(Argued November 23, 1883 ; decided December 11, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 5, 1881, which affirmed a judgment dismissing the complaint as to defendants, Wilmot and Koch, entered upon a decision of the court on trial at Special Term.

This action was to foreclose a mortgage.   The defense was usury.   The material facts are stated in the opinion.

*William H. Arnoux* for appellant. A subsequent incumbrancer is not entitled as such to interpose the plea of usury against a prior mortgagee. (*De Wolf* v. *Johnson,* 10 Wheat. 367, 393 ; *Loomis* v. *Eaton,* 32 Conn. 550 ; *Hollingsworth* v. *Twichard,* 10 Iowa, 385 ; *Powell* v. *Hunt,* 11 id. 430 ; *Farmers and Mechanics' Bank* v. *Kimmel,* 1 Mich. 64 ; *Ready* v. *Huebner,* 46 Wis. 792 ; 32 Am. Rep. 749 ; *Pritchett* v. *Mitchell,* 17 Kans. 356 ; 24 Am. Rep. 287 ; *Carmichael* v. *Bodfish,* 32 Iowa, 418 ; *Bensley* v. *Homier,* 42 Wis. 631 ; *Baskins* v. *Calhoun,* 45 Ala. 582 ; *Ransom* v. *Hays,* 39 Mo. 445 ; *Boardman* v. *Roe,* 13 Mass. 104 ; *Graham* v. *Moore,* 7 B. Monr. 53 ; *Wright* v. *Bimdy,* 11 Ind. 398 ; *Lamoille County Bank* v. *Bingham,* 50 Vt. 105 ; *Fielder* v. *Varner,* 45 Ala. 429 ; *Adams* v. *Robertson,* 37 Ill. 45 ; *Campbell* v. *Johnson,* 4 Dana [Ky.], 177 ; *Cain* v. *Girnon,* 36 Ala. 168 ; *Miners' Trust Company* v. *Rosebury,* 2 L. & Eq. [Penna.] 478 ; *Shedabaker* v. *Marquardt,* 55 Ind. 341 ; *Ladd* v. *Wiggin,* 35 N. H. 421 ; *Huston* v. *Stringham,* 21 Iowa, 36 ; *McCallister* v. *Jerman,* 32 Miss. 42 ; *Campbell* v. *Sloan,* 12 P. F. Smith, 481, approved in *Macungie Savings Bank* v. *Hollen, stein,* 7 Weekly Notes of Cases, 320 ; Tyler on Usury, 403, 417, 409; *Wright* v. *Clapp,* 28 Hun, 7 ; 15 Week. Dig. 424 ; *Pratt* v. *Adams,* 7 Paige, 615 ; *Post* v. *Dart,* 8 id. 639 ; *Cole* v. *Savage,* 10 id. 583 ; *Shufelt* v. *Shufelt,* 9 id. 137 ; *Hartley* v. *Harrison,* 24 N. Y. 170 ; *Mechanics' Bank* v. *Edwards,* 1 Barb. 271 ; 2 id. 545 ; 6 N. Y. Leg. Obs. 75 ; *Greer* v. *Morse,* 4 Barb. 332 ; *Morris* v. *Floyd,* 5 id. 130 ; *Sands* v. *Church,* 6 N. Y. 347 ; *Boughton* v. *Smith,* 26 Barb. 635 ; *Weyburn* v. *White,* 22 id. 82 ; *Schermerhorn* v. *Tallman,* 14 N. Y. 94, 127 ; *Knickerbocker Life Ins. Co.* v. *Nelson,* 78 id. 154 ; *Thompson* v. *Van Vechten,* 27 id. 568 ; 5 Abb. Pr. 458 ; 6 Bosw. 373 ; *Billington* v. *Wagner,* 33 id. 31 ; *Williams* v. *Tilt,* 36 id. 319 ; *Nat. B'k of Gloversville* v. *Place,* 15 Hun, 564 ; *Ohio and Miss. R. R.* v. *Kasson,* 37 N. Y. 218 ; *Allerton* v. *Bender,* 49 id. 373, 377 ; *Merchants' Exchange Nat. B'k* v. *Com. Warehouse Co.,* id. 635, 642 ; *Wheelock* v. *Lee,* 64 id. 242 ; *Equitable Life Ass. Soc.* v. *Cuyler,* 75 id. 511,

515 ; *Bissell* v. *Kellogg*, 65 id. 432 ; *Nat. B'k of Auburn* v. *Lewis*, 75 id. 576 ; *Williams* v. *Gillies*, id. 197 ; *Knickerbocker Life Ins. Co.* v. *Nelson*, 78 id. 137 ; *Curtis* v. *Leavitt*, 15 id. 274 ; *Williams* v. *Birch*, 2 Tr. App. 133, 136 ; *Buckingham* v. *Corning*, 90 N. Y. 525 ; *Cummings* v. *Wise*, 6 N. J. Eq. 73 ; *Banks* v. *McClellan*, 24 Md. 62 ; *Cole* v. *Bausemer*, 26 Ind. 94 ; *Union Bank* v. *Bell*, 14 Ohio St. 200.)   A mortgage is only a lien not an interest in land. (*Hubbell* v. *Moulson*, 53 N. Y. 225, 227; *Kortright* v. *Cady*, 21 id. 343 ; *Stoddard* v. *Hart*,23 id. 569 ; *Runyan* v. *Mersereau*, 11 Johns. 527 ; *Jackson* v. *Craft*, 18 id. 110 ; *Jackson* v. *Bronson*, 19 id. 325.)   The lien against Sanford could not embrace more than Sanford's interest. (*Muldoon* v. *Pitt*,54 N. Y. 69.)   Where a debtor made a general assignment, directing the payment of a usurious debt, neither the assignee nor any creditor could attach such debt. (*Chapin* v. *Thompson*, 89 N. Y. 270.) At the very least the court would compel these defendants to do equity before giving them equity, and in such a case as this equity demands the payment of the debt. (*Buckingham* v. *Corning*, 91 N. Y. 525.)

*A. J. Vanderpoel* for Osee W. Wilmot, respondent.   The answer of the defendant Wilmot not only sets up the defense of usury, but distinctly and specifically sets up a counter-claim, and specifies it as such, and demands affirmative relief, and that counter-claim stands confessed as true in fact for want of a reply. (Code of Civil Procedure, § 509 ; *Genia* v. *Keah*, 66 Barb. 245 ; *Adams* v. *Roberts*, 62 How. Pr. 253.)   Wilmot, being a subsequent incumbrancer, could interpose the defense of usury to the plaintiff's mortgage. (*Bergen* v. *Carman*, 79 N. Y. 151, 152; *Halstead* v. *Halstead*, 55 id. 445; *Mut. L. Ins. Co.* v. *Bowen*, 47 Barb. 662 ; *Bergen* v. *Snediker*, 8 Abb. N. C. [decided in Ct. of Appeals, Dec. 1878] ; *Berdan* v. *Sedgwick*, 40 Barb. 362 ; affirmed, 44 N Y. 626; *Dix* v. *Van Wyck*, 2 Hill, 522 ; *Morris* v. *Floyd*, 5 Barb. 134 ; *Post* v. *Dart*, 8 Paige, 639 ; *Shufelt* v. *Shufelt*, 9 id. 137 ; *Muny* v. *Bavney*, 34 Barb. 336 ; *Hartley* v. *Harrison*, 24 N. Y. 170 ; *Sands* v.

*Church,* 2 Seld. 347; *Peutren* v. *Mitchell,* 22 Am. Rep. 287, note; *Cole* v. *Savage,* 10 Paige, 583; 2 Jones on Mortgages, 419; *Thompson* v. *Van Vechten,* 27 N. Y. 568, 585; *Mason* v. *Lord,* 40 id. 488; *Schuppe* v. *Corning,* 5 Denio, 236; *Carew* v. *Kelly,* 59 Barb. 249; *Knickerbocker L. Ins. Co.* v. *Nelson,* 78 N.Y. 137; *Mut. L. Ins. Co.* v. *Bowen,* 47 Barb. 622, 623; *Livingston* v. *Mildrum,* 19 N. Y. 442; *Halstead* v. *Halstead,* 55 id. 442, 445.) In order to entitle the defendant Wilmot to the relief sought by him, it was not necessary that he should have paid, or offered to pay, the principal, or any part of the sum loaned on the plaintiff's mortgage. (3 R. S. [5th ed.] 73, § 8; *Knickerbocker L. Ins. Co.* v. *Nelson,* 78 N. Y. 152.) One who asserts a lien upon mortgaged property is not a stranger within the meaning of the rule that the defense of usury is a personal one. (*Carew* v. *Kelly,* 59 Barb. 239; *Dix* v. *Van Wyck,* 2 Hill, 522; *Mason* v. *Dixon,* 40 N. Y. 448; *Thompson* v. *Van Vechten,* 27 id. 568.)

*Joseph C. Jackson* for George W. Koch, respondent. The lien of Koch applies to all of the property of plaintiff. (*Livingston* v. *Mildrum,* 19 N. Y. 440; *Moran* v. *Chase,* 52 id. 346; Laws of 1863, chap. 500, § 11; 2 R. S., §§ 42, 43, 63.) The decree in *Wilmot* v. *Clark,* put in evidence, established Koch's priority to defendant Wilmot's mortgage. (Laws of 1863, chap. 500, § 1.) The plea that the mortgage in suit is usurious and void is valid. (*Mut. L. Ins. Co. of N. Y.* v. *Bowen,* 47 Barb. 622; *Berdan* v. *Sedgwick,* 40 id. 362; *Meehan* v. *Williams,* 36 How. 73; *S. C.,* 2 Daly, 357; *Post* v. *Dart,* 8 Paige, 639; *Morris* v. *Floyd,* 5 Barb. 134; *Dix* v. *Van Wyck,* 2 Hill, 522.) The mortgage is utterly void against all the parties having liens on the property. (*Schræppel* v. *Corning,* 5 Denio, 236.) It cannot defeat the rights of third parties. (*Thomas* v. *Fish,* 9 Paige, 478; *Anderson* v. *Rappelye,* id. 483.) The statute makes an usurious contract absolutely void in its inception; and so it must ever remain. (1 Edm. R. S. 725, § 38; 4 id. 400; *Thompson* v. *Van Vechten,*

27 N. Y. 568; *Wheeler* v. *Close*, 45 id. 303, 311, 314, 315; *Knick. L. Ins. Co.* v. *Nelson*, 13 Hun, 321; affirmed, 78 N. Y. 137; *Bergen* v. *Carman*, 79 id. 151.) The statute renders the mortgage void. (*Thomas* v. *Fish*, 9 Paige, 478; *Anderson* v. *Rappelye*, id. 483.) The rights of lienors are protected " according to justice and right, by adopting equity jurisprudence as a basis of this system." (Gurnsey's Mechanics' Lien Laws, p. 30, § 35; p. 33, § 68; *Blauvelt* v. *Wordsworth*, 31 N. Y. 287.) An equitable lien may be acquired upon general principles for repairs, benefits, etc., in certain cases. (Gurnsey's Mechanics' Lien Laws, p. 36, § 76; p. 37, § 79; 2 Story's Eq. Jur., §§ 799, 1234, 1239.) After the existence of a materialman's lien is brought to the notice of the court, the court has power, and it will exercise its right to protect that lien under all circumstances, even to computing its amount, and ordering a sale of the property incumbered, in order to discharge the lien. (*Livingston* v. *Mildrum*, 16 Abb. Pr. 371; *S. C.*, 19 N. Y. 443; *Freeman* v. *Arment*, 5 N. Y. Leg. Obs. 381; *Moran* v. *Chase*, 52 N. Y. 346; *Snyder* v. *Stafford*, 11 Paige, 71; *Beekman* v. *Gibbs*, 8 id. 510; *Bergen* v. *Snediker*, 8 Abb. N. C. 57.)

EARL, J. In 1872, one Rowe conveyed certain real estate, situated in the city of New York, to Thomas L. Sanford, who executed to Rowe a mortgage thereon, to secure a portion of the purchase-money. In 1873, Rowe foreclosed that mortgage making Sanford a party to the action, and upon the foreclosure sale Francis J. Clark became the purchaser, and received a deed; and on the 24th day of April, 1874, Sanford quitclaimed to Clark all his right, title and interest in the real estate. On the 9th day of May, Clark mortgaged the real estate to Everett Clapp, to secure the sum of $22,000, and on the morning of the 13th day of May, Clapp assigned the mortgage to the plaintiff. Thereafter, on the same day Clark executed another mortgage to Clapp to secure $10,000, which was subsequently assigned to the respondent Wilmot.

After the execution of these mortgages, the defendant Koch

furnished material for the construction of a house upon the real estate, and filed a mechanic's lien thereon, to secure the amount due him. In 1878, the plaintiff commenced an action to foreclose its mortgage and Wilmot and Koch, having been made parties defendant, interposed answers in which they allege their respective liens, and set up the defense of usury against plaintiff's mortgage.

The following facts appear from the undisputed evidence. The mortgage was assigned to the plaintiff at a discount from its face of seven per cent. An application was made to it for a loan, and it refused to loan money, but offered to purchase a purchase-money mortgage if one could be made and brought to it. Subsequently this mortgage reciting that it was given for purchase-money was presented to it, and it was represented at the time, orally, to be a purchase-money mortgage. At the time of the assignment Clapp represented that it was a purchase-money mortgage, and in the instrument of assignment covenanted and agreed that it was a valid subsisting lien upon the premises described, that there was unpaid the full sum of $22,000 and interest, and that there was no defense, offset or, counter-claim thereto. At the same time Clark, the mortgagor, executed an instrument under seal, whereby he covenanted and agreed with the plaintiff that the mortgage was a valid and subsisting lien, that there was unpaid the full sum of $22,000, and that there was no defense, offset or counter-claim thereto, and that the certificate was procured from him without any fraud or misrepresentation whatever. After the execution of the two mortgages, Clark conveyed the real estate to the defendant Sanford, subject, nevertheless, to the mortgages ; and Sanford is made a defendant to this action, as the owner of the real estate, and he also has interposed the defense of usury to plaintiff's mortgage.

The court below held that Sanford could not maintain the defense of usury interposed by him, because the premises had been deeded to him subject to the mortgage. Clark and Clapp, who were also made parties defendant interposed no defense. But the court held that Wilmot and Koch, holding

subsequent liens upon the real estate, could maintain the defense of usury; and that the complaint as to them should be dismissed.

We think the learned court erred in dismissing the complaint as to the two defendants.

The plaintiff had the right to refuse to loan the money in this case at seven per cent, then the legal rate, and to require that a valid purchase-money mortgage should be made which it could purchase at any rate of discount which could be agreed on. If this mortgage had actually been a purchase-money mortgage then there would not be a particle of evidence that it was tainted with usury. The evidence would simply show that the bank refused to loan money upon a mortgage to be made to it; that it required that a purchase-money mortgage should be made so that it could purchase the same at a discount, and thus secure a larger rate of interest than seven per cent. That such a transaction would have been valid is settled by the cases of *Smith* v. *Cross* (90 N. Y. 549) and *Dunham* v. *Cudlipp* (recently decided in this court*).

But here all the parties engaged in effecting the negotiation with the plaintiff, to-wit, Clark, the mortgagor, and Clapp, the mortgagee, with the knowledge and consent of Sanford, represented that this was a purchase-money mortgage; that it was a valid mortgage, and that there was no defense thereto. And there is not a particle of evidence that the plaintiff did not believe these representations, and rely upon them. All the evidence shows that its agents intended to take a purchase-money mortgage; that they did not mean to take any other, and that they supposed they were getting a valid purchase-money mortgage. There is no evidence whatever that the transaction took the form it did as a cover for usury. In one sense it took this form for the purpose of escaping usury. But the parties had a perfect right to deal with each other with the usury laws before their eyes, and to so shape the transaction as to avoid the condemnation of those laws. It is always the right of one having money to loan or to invest to require,

*Ante,* p 129.

in order that he may obtain more than six per cent, that securities, having a valid inception and free from the taint of usury, shall be presented to him before he will advance money; and it was so settled in the two cases referred to.

It is clear, therefore, that both Clark and Clapp are estopped from denying that the plaintiff's mortgage is valid, and thus are precluded from alleging the defense of usury against the same. And inasmuch as they were estopped, Wilmot, who also holds under them, is bound by the same estoppel. Estoppels bind parties and their privies in estate and blood (Coke Litt. 352 a; *Campbell* v. *Hall*, 16 N. Y. 575; *Wood* v. *Seely*, 32 id. 105, 116); and it was so held in the case of *Smith* v. *Cross*, above referred to.

There was some evidence tending to show that this mortgage was given to Clapp for value. But whether it was or not is a matter of no consequence if the plaintiff believed, upon representations made by Clark and Clapp, that it was so given, and was induced by such belief to take the mortgage, because in that case, as we have seen, they were both estopped.

Koch is also estopped from assailing plaintiff's mortgage on the ground of usury. His lien was for material furnished to Sanford, and Sanford could not avail himself of the defense of usury. Having taken the conveyance subject to the mortgage, he was in no condition to allege usury against it; and thus all the parties under whom Koch claimed, Clark, Clapp and Sanford, were precluded, at the time he acquired his lien, from alleging usury against the plaintiff; and there is no rule of law that gives him a better right than they could have.

I am inclined to think that the law in this State authorizes a subsequent lien-holder, by mortgage, or judgment, or mechanic's lien, to avail himself of the defense of usury against a prior mortgage. (*Berdan* v. *Sedgwick*, 40 Barb. 359; affirmed in 44 N. Y. 626; *Dix* v. *Van Wyck*, 2 Hill, 522; *Morris* v. *Floyd*, 5 Barb. 134; *Post* v. *Dart*, 8 Paige, 639; *Shufelt* v. *Shufelt*, 9 id. 137; *Cole* v. *Savage*, 10 id. 583; *Thompson* v. *Van Vechten*, 27 N. Y. 585; *Mason* v. *Lord*, 40 id. 476.) But a subsequent lien-holder can have no better

right to interpose the defense of usury than the owner or borrower had at the time the lien was created. An owner or borrower may be estopped from setting up the usury, or he may in some legal way waive the defense, or, by agreement, purge the transaction of usury; and whoever thereafter purchases from him the real estate upon which the usurious security is a mortgage, or obtains a lien thereon from or under him, takes his position, and can have no better right to allege the usury than he had.

Our conclusion, therefore, is that in any aspect of this case, as the facts plainly appear, the defendants Wilmot and Koch must fail in their defense.

The judgment should, therefore, be reversed as to these two defendants, and a new trial granted, costs to abide event.

All concur.

Judgment, so far as appealed from, reversed.