JACOB YORMARK and Another, Plaintiffs, *v.* FANNIE WALDMAN and Others, Defendants.

Supreme Court, Kings County, July 27, 1926.

**Mortgages — foreclosure — answering defendants, who set up defense of usury and asked that bond and mortgage be adjudged void and canceled, were not parties to mortgage transaction — usury is available as defense to one claiming under person from whom usury was exacted — General Business Law, § 377, providing that " borrower " need not pay or offer to pay any interest or principal on usurious loan is not applicable to his assignees or others claiming under him — mortgagee of real property subject to lien of prior judgment is not " borrower " within meaning of General Business Law, § 377 — defendants having subordinate lien are not entitled to have mortgage discharged without payment of amount of loan — allegations failing to recite facts showing usurious transaction insufficient.**

While usury is available as a defense to one claiming under the person from whom the usury was exacted or who is in privity with him, such as a subsequent judgment creditor of a mortgagor, it may not be made a basis for affirmative relief, since the provision of section 377 of the General Business Law that a " borrower," in an action for the recovery of money or property taken in violation of the statutory provisions against usury, need not pay or offer to pay any interest or principal on the sum loaned and shall not be denied relief because he has not done so, is personal to the borrower and available only to him or his heirs and not to his assigns or others claiming under him, such as a mortgagee of real property which was subject to the lien of a prior judgment.

Accordingly, the defendants, having a subordinate lien upon premises covered by plaintiffs' mortgage which they seek to foreclose, may defend upon the ground of usury, but they are not entitled to procure a cancellation of the mortgage or other affirmative relief without paying or offering to pay the amount which was actually advanced thereon, and consequently a counter-claim, which contains no allegation of any payment or offer to pay, is insufficient.

The defenses in which the allegations with respect to the usury are generally recited are insufficient; some facts must be alleged showing the usurious transaction.

ACTION for foreclosure of mortgage involving defense of usury.

*Meyer C. Loskowitz,* for the plaintiffs.

*Abel A. Vigard,* for the defendants Louis Weinberg and another.

CROPSEY, J. Upon the argument it was virtually conceded that the denials in the answer raised no issue. The sole question for decision is whether the defenses and counterclaim are sufficient. The action is to foreclose a mortgage. The answering defendants have a lien on the property that is subordinate to the plaintiffs' mortgage. The defenses and counterclaim attempt to challenge the validity of the mortgage on the claim that it was tainted with usury. The answer asks that the complaint be dismissed and the bond and mortgage adjudged void and canceled. The answering defendants were not parties to the mortgage transaction, and the primary question is whether the defense of usury is available to them.

In reading the cases dealing with this general question it is necessary to bear in mind whether the usury is sought to be interposed as a defense to a claim or as the basis for an affirmative judgment. The generally approved rule is that an usurious agreement cannot be assailed by a stranger, that is, one not a party to it nor claiming under the party injuriously affected by it. (*Williams* v. *Tilt,* 36 N. Y. 319, 325.) From the above statement it follows that usury is available as a defense to one who is not a stranger, that is, to one who claims under the person from whom the usury was exacted or who is in privity with him. (*Berdan* v. *Sedgwick,* 40 Barb. 359, 362; affd., 44 N. Y. 626.) So it has been held that upon the foreclosure of a mortgage the subsequent judgment creditor of the mortgagor may defend on the ground of usury. (*Post* v. *Dart,* 8 Paige, 639.) And the same rule applies to a purchaser of property under an execution sale. (*Knickerbocker Life Insurance Co.* v. *Hill,* 3 Hun, 577.) And the holder of a mechanic's lien may avoid a prior mortgage upon the same ground. (*Weaver Hardware Co.* v. *Solomovitz,* 98 Misc. 413, 423. See to the same effect *Union Dime Savings Institution* v. *Wilmot,* 94 N. Y. 221, 228.) If the usury arose on the making of a mortgage and the mortgagor subsequently sold the property subject to the mortgage or the purchaser in any way agreed to pay it of course the latter could not raise the defense of usury. (*Bullard* v. *Raynor,* 30 N. Y. 197. See, also, note to *Merchants Exchange National Bank* v. *Commercial Warehouse Co.,* 49 N. Y. 635, 642–644.)

Where, however, usury is sought to be made the basis for affirmative relief the rule is somewhat different. Section 377 of the General Business Law provides that when a " borrower "

brings an action for the recovery of the money or property taken in violation of the statutory provisions against usury it shall not be necessary for him to pay or offer to pay any interest or principal on the sum loaned and he shall not be denied relief because he has not done so. This statute is practically the same as that enacted in 1837 (Chap. 430, § 4). Under these provisions it has been rather uniformly held that the benefit thereof was personal to the borrower and was available only to him or his heirs or personal representatives and not to his assigns or others claiming under him. So following this rule it was held that a mortgagee of real property which was subject to the lien of a prior judgment was not a borrower within the meaning of the statute and could not maintain an action to set aside the judgment on the ground that it was entered upon an usurious consideration, it having been confessed by the mortgagor. (*Rexford* v. *Widger*, 2 N. Y. 131.) And the same holding was made where the borrower was later discharged in bankruptcy and subsequently reacquired title to the property which he had previously mortgaged to secure an usurious debt. He was held to be a purchaser of the property and hence not entitled to have the mortgage discharged without paying the amount actually loaned. (*Schermerhorn* v. *Talman*, 14 N. Y. 93, 127, 137.) For the same reason an assignee in bankruptcy under the old law or a trustee in bankruptcy under the present one may not maintain an action based upon the claim of usury without returning the money actually received in the transaction. (*Wheelock* v. *Lee*, 64 N. Y. 242, 246; *Rice* v. *Schneck*, 189 App. Div. 877; affd., 228 N. Y. 561.) To the same general effect see *Crittenden* v. *Barkin* (212 App. Div. 232).

It follows from the foregoing that the answering defendants having a subordinate lien upon the property covered by plaintiffs' mortgage have the right to defend upon the ground of usury but have no right to procure a cancellation of the mortgage or other affirmative relief without paying or offering to pay the amount that was actually advanced thereon. The counterclaim as pleaded contains no allegation of any payment or offer to pay and hence is insufficient. While the defendants might avail themselves of the plea of usury I think the allegations of the defenses are not sufficient for that purpose. Merely pleading usury in general terms will not suffice. (*Manning* v. *Tyler*, 21 N. Y. 567; *Donlin* v. *Carlow*, 120 Misc. 698.) Some facts must be alleged showing the usurious transaction. (*Myers* v. *Wheeler*, 24 App. Div. 327; affd., 161 N. Y. 637.)

For the reasons stated, plaintiffs' motion must prevail, with leave, however, to the defendants to amend their defenses and counterclaim if they be so advised within ten days, upon paying ten dollars motion costs.