ADAM BESLER, Plaintiff, *v.* ELDORADO CLEANERS, INC., and Others, Defendants.

Supreme Court, Bronx County, December 13, 1932.

*Greiner, Peecook & Buck*, for the motion.

*Joseph S. Robinson*, opposed.

HAMMER, J. This motion is for an order, pursuant to rule 109 of the Rules of Civil Practice, subdivision 6 thereof, striking out the first, second, third and fourth separate and distinct defenses contained in the answer of the defendant Yungert herein, on the ground that each of said defenses consisted of new matter and is insufficient in law. The action is to foreclose a mortgage given to plaintiff by defendant Eldorado Cleaners, Inc. Defendant Yungert in his third separate defense claims his purchase-money mortgage is superior and prior, in that the subordination agreement between him and Eldorado Cleaners, Inc., provided that his mortgage was to be subordinated to a mortgage of a bank, title, mortgage, or trust company doing business in the county of Bronx, N. Y., and the plaintiff herein, being an individual, is not within the purview of such agreement. Other than the mere allegation of the conclusion contained in paragraph eighth of the complaint, that said defendant's claim or interest is subordinate and subject to the lien of the mortgage herein, nothing is set forth tending to establish this as a fact. Defendant Yungert denies he claims to have some interest or lien which has accrued subsequent to the lien of the mortgage sought to be foreclosed, and that his interest or claim is subject and subordinate to the lien of such mortgage. Assuming the facts stated in this separate defense to be true, it would seem that such defense is sufficient on its face.

The first defense of lack of consideration is insufficient. The mortgage is an executed instrument under seal, the presence of which imports the existence of consideration (*Vulcan Iron Works v. Pittsburg-Eastern Co.*, 144 App. Div. 827; *Howie v. Kasnowitz*, 83 id. 295; *Rothschild v. Frank*, 14 id. 399), and while the common-law rule that the seal was conclusive evidence of consideration (*Gray v. Barton*, 55 N. Y. 68) in respect of executory instruments has been modified by statute (Civ. Prac. Act, § 342), it has not been changed as to executed instruments. (*Baird v. Baird*, 81 Hun, 300; affd., 145 N. Y. 659; *Williams v. Whittell*, 69 App. Div. 340; *Hull v. Hull*, 172 id. 287.) The presumption raised by the seal may not be rebutted so as to invalidate the instrument. (*Stromblad v. Hanover Fire Insurance Co.*, 121 Misc. 322.)

In respect of the second separate defense of usury, it would seem that if the defendant Yungert's claim or interest is subordinate

to that of the plaintiff's mortgage such defense would be available to him as a subsequent lienor. (*Union Dime Savings Institution of New York* v. *Wilmot*, 94 N. Y. 221; *Yormark* v. *Waldman*, 127 Misc. 748; *North River Mortgage Corporation* v. *254 Sixth Avenue Realty Corp.*, 136 id. 342.) It is to be noted that this defendant does not seek to have the plaintiff's mortgage declared null and void. Facts, however, must be alleged showing the usurious transaction. Merely pleading usury in general terms as was done here is not sufficient. (*Yormark* v. *Waldman, supra,* and cases cited.)

It is to be noted that in the third separate defense considered hereinbefore the defendant Yungert claims a lien superior to plaintiff's lien of mortgage. The defendant does not show any privity between himself and the borrower. Under this set of facts it would seem that the alleged usury in the transaction would not be available to him as a defense. (*Yormark* v. *Waldman, supra; North River Mortgage Corporation* v. *254 Sixth Avenue Realty Corporation, supra.*) However, under section 262 of the Civil Practice Act, he may set up as many defenses as he has legal or equitable. He may set up inconsistent defenses in his answer and rely on whichever he may be able to establish. (*Carter, Macy Co., Inc.* v. *Matthews*, 220 App. Div. 679; *Gilbert* v. *Burnstine*, 135 Misc. 305.) Defendant Yungert consents to strike out the fourth defense that the action is brought in a county other than that in which the property is located. The photostatic copy of the alleged subordination agreement made by the defendant Yungert attached to the plaintiff's memorandum submitted in support of the motion is not considered. It is not referred to or made part of the pleadings as an exhibit or otherwise.

Accordingly, the motion is disposed of as follows: The first separate defense is stricken out; the second separate defense is stricken out, with leave to the defendant to plead over in respect of the same setting forth the facts constituting the alleged usury. As to the third separate defense, motion is denied. The fourth defense is stricken out on consent. Defendant may serve an amended complaint within ten days after service of a copy of order to be entered, with notice of entry. Settle order.