WEST SIDE FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Plaintiff, *v.* HARRY ROSEN et al., Defendants.

Supreme Court, Nassau County, August 6, 1951.

*Robert I. Kleiner* for Nathan Barschi and another, claimants.

*Harry J. Macklis* for President and Directors of the Manhattan Company, claimant.

FERDINAND I. HABER, Referee. In this action to foreclose a mortgage, the sale of the mortgaged property under the judgment of foreclosure and sale resulted in a surplus of $2,152.57.

The defendants in the action were:

1. Harry Rosen and Anna Rosen, his wife, obligors of the mortgage debt and owners of the equity of redemption.

2. Nathan Barschi and Laura Wittenberg, grantees of the premises by a conveyance from the defendants Rosen, dated December 21, 1949, which was subsequently adjudicated a mortgage.

3. President and Directors of the Manhattan Company as the holder of two judgments against the defendants Rosen.

The Rosens defaulted in the action and in this proceeding.

Two claims to the surplus have been filed.

Nathan Barschi and Laura Wittenberg claim upon their mortgage $2,200, with interest from December 21, 1949. This claim will be hereafter called the mortgagee claim.

The President and Directors of the Manhattan Company claims upon its judgments $2,432.83, with interest on $2,290.53 from February 18, 1950, and on $142.30 from July 26, 1950. This will hereafter be called the judgment creditor's claim.

The amounts claimed as due to the claimant upon obligations of the defendants Rosen have been proved by the testimony taken in the proceeding.

Whichever claim is allowed and given priority will exhaust the surplus.

The judgment creditor contends that the mortgagee claim is void on the ground of usury in the transaction between the

mortgagee claimants and the defendants Rosen upon which the claim is based.

To establish usury, the judgment creditor relies upon the contradictions and discredit of the mortgagee claimants' witnesses on cross-examination.

The Referee is not satisfied that the mortgagee claim is free of usury but is not convinced that the burden upon the judgment creditor of proving usury by a fair preponderance of evidence has been sustained. The unfortunate absence of the borrower from this equity proceeding leaves uncertainty as to the truth about the usury contention.

The Referee has reached his conclusion without deciding the issue of usury. By sections 375 and 376 of the General Business Law, and by the common law, a plea of usury is personal to the borrower. The courts, over and over again, have used " personal to the borrower " and the law is clear that only the borrower or one in privity with him may avail himself of a plea of usury. This question is to be decided: Is the holder of a judgment recovered subsequent to the alleged usurious transaction to be regarded as in privity with the borrower? The Referee finds that the answer is " No " to a judgment creditor in the position of the one here.

The law in New York requires that result. Some cases which the judgment creditor claimant has cited appear to be contrary. They have been given full consideration and fail to support its position. Though something has been said to the effect that a judgment creditor may attack a prior incumbrance as void for usury, yet no case has been cited where that has been done and where the judgment creditor has prevailed. In nearly all the cases, such as *Jefferson Tit. & Mtge. Co.* v. *Dempsey* (266 N. Y. 190); *Bowery Sav. Bank* v. *Nirenstein* (269 N. Y. 259), and *Curtiss* v. *Teller* (157 App. Div. 805), the borrower was the party seeking relief from the alleged usury. No right of a judgment creditor was involved. In *Union Dime Sav. Inst.* v. *Wilmot* (94 N. Y. 221) a second mortgagee and a mechanic lienor each interposed the defense of usury in an action to foreclose the first mortgage. The court held that the defense was insufficient. The second mortgagee, having taken the mortgage subject to the prior one, was in no condition to allege usury against it. The mechanic lienor, having furnished material to the owner who took title subject to both mortgages, was likewise precluded. In this case, Judge EARLE remarks: " I am inclined to think that the law in this State authorizes a subsequent lien-holder, by mortgage, or judgment, or mechanic's lien,

to avail himself of the defense of usury against a prior mortgage. [Citing cases.] But a subsequent lien-holder can have no better right to interpose the defense of usury than the owner or borrower had at the time the lien was created. An owner or borrower may be estopped from setting up the usury, or he may in some legal way waive the defense, or, by agreement, purge the transaction of usury; and whoever thereafter purchases from him the real estate upon which the usurious security is a mortgage, or obtains a lien thereon from or under him, takes his position, and can have no better right to allege the usury than he had." (*Union Dime Sav. Inst.* v. *Wilmot, supra,* pp. 228–229.)

This statement does not help the judgment creditor claimant. The broad first sentence is much limited and qualified by the two following ones. The judgment creditor claimant here acquired its lien subject to the Barschi-Wittenberg mortgage just as if that lien had been in the form of a mortgage instead of a judgment.

*Post* v. *Dart* (8 Paige, ch. 639) was an action to foreclose a mortgage. A judgment defendant in the action pleaded that the mortgage was void for usury. A demurrer to the defense was overruled. The action was then discontinued against the creditor and its ultimate disposition is seemingly not reported. Later the judgment creditor caused the mortgagor's interest in the realty to be sold by the Sheriff upon an execution upon the judgment. Such creditor purchased the debtor's interest and, in due course, obtained a Sheriff's deed. The creditor then brought a bill in equity to have the mortgage set aside upon the ground of usury. The court, in *Post* v. *Utica Bank* (7 Hill 391) dismissed the bill, holding that the plaintiff had not succeeded to the borrower's rights. It is difficult to understand how a judgment creditor could lose any privity had with the borrower by becoming a purchaser at a Sheriff's sale upon an execution under his judgment. *Post* v. *Dart* (*supra*) which is a main reliance of the judgment creditor here, was overruled by the later *Post* v. *Utica Bank* (*supra*) involving the same controversy. The later case is twice discussed with approval in the late decision in *Halsey* v. *Winant* (258 N. Y. 512, 528, 530). The references to that case in the judgment creditor's brief are not favorable to its contention. The case is a binding authority upon the issue here and for the determination that the judgment creditor here may not attack the prior mortgage claim on the ground of usury.

The mortgagee claim, first in time, thus has a priority which the judgment creditor claimant cannot avoid. I, therefore, report that the surplus, less charges of the reference, should be paid to the claimants Nathan Barschi and Laura Wittenberg.