NELSON BARRETT et al., Plaintiffs, *v.* BELLE CONLEY et al.,
Defendants.

Supreme Court, Erie County, June 14, 1962.

*John T. Curtin, United States Attorney,* for United States, defendant. *Andrew G. Gilfillan* for Monetary Service Corporation, defendant.

WILLIAM B. LAWLESS, J. This matter is before the court upon the motion of the United States, a claimant to surplus moneys, to set aside an order of this court confirming a Referee's report in surplus proceedings, upon the ground that the Government received additional information after confirmation of the Referee's report that the lien of the prior claimant to whom the surplus moneys have been awarded was based upon a usurious contract. The United States seeks to have certain issues of law and fact referred back to the Referee for determination. In the surplus money proceedings, the Referee made a report to the court in which he found that defendant Monetary Service Corporation was exclusively entitled to the surplus moneys in question. Throughout the entire foreclosure proceeding, defendant Conley defaulted in appearing. Defendant United States appeared in the action and participated in the surplus money proceedings but made no objection to the report of the Referee and defaulted in appearing on the motion to confirm the report. The order confirming the report was entered in the afternoon of March 28, 1962. Later that afternoon, Mrs. Belle Conley telephoned the Assistant United States Attorney handling this case and advised him for the first time that her mortgage with defendant Monetary was allegedly based on a usurious contract. The Government now contends that if the matter is remanded to the Referee for the taking of further evidence " it might be determined on the basis of this newly discovered evidence that

the claim of Monetary Service Corporation is void because of its being based upon a usurious contract in violation of Section 373 of the General Business Law of the State of New York.''

Monetary Service Corporation opposes the motion on three grounds. First, that the moving party has no standing to raise the question of usury; second, that the defendant Conley is estopped and has waived the right to claim that the transaction was usurious; and third, that no substantial question of usury is raised.

While the law is not entirely clear as to the right of third parties to assert the usurious nature of a contract, the law is well settled that the right to claim protection of the laws against usury is confined to the debtor and those in legal privity with him. It is a right personal to the borrower or debtor and those in legal privity with him (*Halsey* v. *Winant*, 258 N. Y. 512; *Buckingham* v. *Corning*, 91 N. Y. 525; *Post* v. *Bank of Utica*, 7 Hill 391). The difficulty arises in determining who is in privity with the borrower. Heirs, executors and indorsers are in legal privity. In *Halsey* v. *Winant* (*supra*) the court said that the statute (now General Business Law, § 373 *et seq.*) is designed to permit the borrower *and those liable on the borrower's debt* to avoid the obligation on the usurious contract.

In *West Side Fed. Sav. & Loan Assn. of N. Y. City* v. *Rosen* (202 Misc. 442 [1951]) a proceeding was conducted to distribute surplus moneys at a foreclosure sale and it was held that a judgment creditor was not in privity with its debtor and therefore not in position to attack a prior mortgage on the ground of usury.

Whatever question the courts may have had concerning privity between the borrower and a third party, there seems to be no dispute as to the right of a borrower to waive the defense of usury or be estopped from asserting it. (See 55 Am. Jur., Usury, § 126.) While in the instant case, the allegedly usurious mortgage was not the one being foreclosed, it was a part of a proceeding which was reduced to judgment, and the order confirming the Referee's report in the surplus money proceedings finally determined the rights of the parties concerning the allegedly usurious mortgage.

In *Union Dime Sav. Inst.* v. *Wilmot* (94 N. Y. 221, 229) the court suggests that a subsequent lienholder may raise the defense of usury, but even there the court said: '' An owner or borrower may be estopped from setting up the usury, or he may in some legal way waive the defense * * * whoever thereafter * * * obtains a lien * * * from or under him,

takes his position, and can have no better right to allege the usury than he had."

Where a debtor has waived his right to plead usury, or has acquiesced therein, a judgment creditor is without right to attack an older lien for usury. (*Murray* v. *Judson & Sands,* 9 N. Y. 73; *Mason* v. *Lord,* 40 N. Y. 476; *Union Dime Sav. Inst.* v. *Wilmot, supra; Chapuis* v. *Mathot,* 155 N. Y. 641.) Since the defendant Conley defaulted throughout the entire proceedings, especially in the surplus money proceedings, in which she would have a monetary interest, she clearly acquiesced in the proceedings and could not now be heard to raise objection. The defendant United States of America can have no greater right than she has, but equally important, it has no greater standing than a judgment creditor not in legal privity with her, and as such is without standing to assert the alleged usuriousness of her contract.

The third point raised by defendant Monetary in opposition to the motion is academic but from an examination of the title search covering the property at 108 Richmond Avenue, it does not appear that title thereto was ever conveyed to Monetary Service Corporation as is claimed in the affidavit of Mrs. Belle Conley.

For the reasons set forth, the application to reopen and refer back to the Referee herein is denied, without costs.