■ CLINTON G. BUSH COMPANY, a Copartnership, Appellant-Respondent, v. FRANKLIN NATIONAL BANK OF LONG ISLAND, Respondent-Appellant.— In an action against a national bank to recover twice the amount of interest alleged to have been usuriously paid by plaintiff to defendant (U. S. Code, tit. 12, § 86), in which the defendant pleaded three separately numbered defenses (hereafter described) and in which the plaintiff moved (pursuant to former Rules Civ. Prac., rule 109, subd. 6) to strike out all three defenses as patently insufficient, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated August 5, 1963, as denied its motion with respect to the first two defenses, and the defendant appeals from so much of the order as granted the motion with respect to the third defense. Order modified: (1) by striking out its two ordering paragraphs; and (2) by substituting therefor a provision that the plaintiff's motion is granted as to the defendant's second defense and denied as to the defendant's first and third defenses. As so modified, order affirmed, without costs, and with leave to defendant, if it be so advised, to serve an amended answer within 20 days after entry of the order hereon. The first defense alleges that prior to the commencement of this action the parties settled and discontinued three prior actions which defendant had brought against plaintiff, including an action to foreclose a mortgage, the interest payments on which constitute the basis for plaintiff's claim of usury; and, in effect, that thereby " all defenses, counterclaims and set-offs of any kind whatsoever were waived by the plaintiff herein." In our opinion, as thus pleaded, the terms of the settlement were sufficiently broad to be understood as having released any claim that plaintiff had or could have had against defendant, regardless of whether plaintiff could have asserted its present cause as a counterclaim in the mortgage foreclosure action or indeed in the other two prior actions. We note, however, that according to the allegations of the complaint the usury was committed only prior to the settlement; and we note further that the cause for the penalty pleaded in the complaint could have been asserted as a counterclaim in the foreclosure action (see *Alley & Co.* v. *Federal Nat. Bank,* 124 F. 2d 995). The third defense contains similar allegations of the making of the settlement, plus allegations that under the settlement the defendant accepted as full payment for everything which plaintiff owed defendant an amount of money which was substantially less than the amount which was owing, and that plaintiff " did accept the benefits of said settlement agreement and has waived the cause of action alleged in the complaint herein, and is now estopped by its acts from demanding any sum of money from the defendant herein." This constitutes a sufficient defense on the theory of estoppel (see *Triple Cities Constr. Co.* v. *Maryland Cas. Co.,* 4 N Y 2d 443, 448). It is also our opinion that plaintiff's statutory cause of action for the penalty is one which in law may be waived and is one which the owner may be estopped from asserting (cf. *Union Dime Sav. Inst.* v. *Wilmot,* 94 N. Y. 221; 55 Am. Jur., Usury, § 103). In contrast to the first and third defenses, the second defense does not plead the settlement; and the only factual matter stated therein has reference solely to the fact that defendant assigned the mortgage. Incidentally, it does not state to whom the assignment was made. Specifically, the allegation is that prior to the commencement of this action plaintiff " ratified, approved and consented to the assignment ". Thus, nothing is set forth in this defense which in any way suggests a relationship to the cause of action pleaded in the complaint; and the defendant's conclusory allegation that plaintiff " by its acts has waived the cause of action set forth in the complaint" is without factual support. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.