**Franklin A. CERASOLI, Plaintiff,**

v.

**Francis J. SCHNEIDER, Jr., Defendant.**

Superior Court of Delaware,
New Castle.

May 7, 1973.

Francis J. Trzuskowski of Connolly, Bove & Lodge, Wilmington, for plaintiff.

David Roeberg of Sullivan, Potter & Roeberg, Wilmington, for defendant.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TAYLOR, Judge.

Franklin A. Cerasoli [Cerasoli] brought this action against Francis J. Schneider, Jr. [Schneider] under 6 Del.C. § 2304 to recover three times the amount of allegedly unlawful interest paid by Cerasoli to Schneider on August 6, 1971. Schneider denies that the payment was for debt or interest, but asserts that the payment was in consideration for an agreement to dismiss a suit brought by Schneider against Cerasoli in the Court of Chancery. Schneider has moved for summary judgment.

■ The facts are as follows: Pursuant to a written agreement dated April 24, 1970, Schneider loaned $3,000 to Cerasoli in return for Cerasoli's promise to pay back $3,750 by October 24, 1970.[1] Cerasoli delivered his stock certificate for 100 shares of Woodlawn Village Apartments, Inc. [Woodlawn] without stock transfer power or endorsement to Schneider as collateral for the loan.

Cerasoli failed to pay back any money by October 24, the due date. On November 11, 1970, Schneider sent a letter to Cerasoli advising him that he was in default of his obligation and that Schneider proposed to retain the collateral in satisfaction of the debt. Cerasoli did not reply. Schneider took no action at that time to transfer the collateral stock to himself.

Sometime thereafter, Schneider granted Cerasoli an oral extension for paying the debt. When Cerasoli still did not make any payment, Schneider on April 1, 1971 sent a letter to Woodlawn to the attention of Cerasoli, who was secretary of that corporation, requesting that a stock certificate be issued in his name for the 100 shares. There was no response.

Finally, in July, 1971, Schneider filed a complaint in Chancery Court seeking to compel the transfer of the stock to his name. Thereafter, Cerasoli, without answering the complaint paid Schneider's attorney $6,333.43, and Schneider's attorney gave Cerasoli a signed dismissal of the Chancery action.

Schneider's suit in the Court of Chancery, brought against Cerasoli, Richard J. Scotolati and Woodlawn, sought to compel the issuance of the collateral stock to Schneider and related relief. By the Chancery suit, Schneider asserted his position that pursuant to 5A Del.C. § 9–505(2) he had retained the security in satisfaction of the debt and that he was therefore entitled to full ownership of the stock. After commencement of the Chancery suit, Schneider's attorney wrote to Cerasoli offering to settle that case for $6,333.43, which was stated to be $5,273.43 plus counsel fees and court costs of $1,060.00, and postponing further action in the suit until July 25, 1971. On July 27, 1971, Schneider's attorney wrote to Cerasoli's attorney extending the settlement offer and time for Cerasoli to answer to July 30, 1971. On July 30, 1971 there was an exchange of letters between the attorneys for a further extension to August 6, 1971. On August 6, 1971 Cerasoli appeared at the office of Schneider's attorney with $6,333.43 in cash and a proposed Stipulation of Dismissal of the Chancery suit. Cerasoli paid the money, received a receipt therefor, obtained the signature of Schneider's attorney on the Stipulation of Dismissal and received the stock certificate which was the collateral under the loan agreement. The Stipulation of Dismissal was subsequently filed with the Register in Chancery and the Chancery suit was terminated.

■ The facts recited in the preceding paragraph are admitted by Cerasoli. In his brief, Cerasoli states that he tendered to Schneider on August 6, 1971 "payment of the original loan, $2,273.43 usurious interest and $1,060 attorney's fees." Nowhere does this appear as an admitted fact or as a statement under oath. The bare recital in the brief does not entitle the statement to consideration as a fact. Nor

---

1. For purposes of this motion by Schneider for summary judgment, Cerasoli's contention that the additional $750 represented interest and was usurious will be accepted.

do Cerasoli's answers to interrogatories support the statement. There is nothing in the record to refute the facts recited in the preceding paragraph. Hence, for purposes of this motion for summary judgment, they must be accepted as true. Cf. Behringer v. William Gretz Brewing Co., Del.Super., 3 Storey 365, 169 A.2d 249 (1961). The necessary conclusion is that Cerasoli paid $6,333.43 for the purpose of settlement of the Chancery suit.

If the settlement was valid, the payment must be accepted as a valid payment therefor.

■ The first test is whether this purported settlement satisfied the requirements for a bona fide settlement. The question is whether there is an "honest, genuine, bona fide dispute, advanced in good faith and resting on a substantial basis, and founded on some reasonable, tenable or plausible ground." Modern Dust Bag Co. v. Commercial Trust Co., 34 Del.Ch. 354, 104 A.2d 378, 380 (1954). The test is whether there is some justification for the party's contention and that the dispute does not represent a mere arbitrary position. State for Use of Warner Co. v. Massachusetts Bonding & Insurance Co., Del.Super., 1 Terry 274, 9 A.2d 77 (1939); Ashland Coal & Coke Co. v. Old Ben Coal Corp., Del.Super., 7 W.W.Harr. 571, 187 A. 596 (1934).

■ The Chancery suit was an effort by Schneider to obtain a stock certificate in his name for the collateral stock.

The following facts are pertinent: After the loan was in default Schneider wrote to Cerasoli proposing to retain the collateral in satisfaction of the obligation. Cerasoli made no objection. 5A Del.C. § 9–505(2) provides that:

. . . "a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor . . . . If the debtor . . . objects in writing within 30 days from the receipt of the notification . . . the secured party must dispose of the collateral under Section 9–504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation."

After expiration of the 30 day period defendant was entitled to retain the collateral in satisfaction of the debt if the usurious nature of the agreement did not bar it. Thereafter, Schneider and Cerasoli had a conversation concerning the debt and Schneider extended the time for Cerasoli to pay. No payment was made. By letter dated April 1, 1971 addressed to Woodlawn, Schneider sought to have the collateral stock issued in his name and stated he "now elects to retain the 'collateral' in full satisfaction of the original debt."

Whether Schneider had actually met the statutory requirement and whether the usurious taint affected this were subjects which could have been litigated in the Chancery suit.

For purposes of settlement of the Chancery suit, Schneider's position was at least tenable, plausible and with some justification and was not merely arbitrary. The settlement of the Chancery suit, therefore, met the basic test of bona fides announced in Modern Dust Bag, supra.

■ Cerasoli in his brief contends that the amount paid by Cerasoli in connection with the settlement represented repayment of the $3,000 loan plus interest of $2,273.43, or 60.62% interest per annum on the loan. As noted above, there is no factual support for the position that the payment in fact was intended to represent repayment of the loan plus interest. The testimony of Schneider, while vague as to the manner in which the settlement figure was arrived at, purported to relate it in a vague way to the stock value. It is sufficient to say that Cerasoli has not made a showing that the settlement was intended to be a repayment of $3,000 principal plus $2,273.43 interest.

The remaining question is whether the fact that the loan agreement provided for usurious interest is sufficient to taint the efforts of defendant to assert his rights to

the collateral and to taint his Chancery suit, thereby rendering the settlement of the Chancery suit invalid.

■ At the outset, it is essential to recognize that usury is dealt with in various states according to different policies. One policy is that a usurious contract is void and unenforceable in its entirety. 45 Am. Jur.2d 181–2, Interest and Usury § 238; 91 C.J.S. Usury § 56, pp. 638–639. A second policy is that a usurious contract is not void and is unenforceable only as to the usurious portion of the contract. ibid. A third policy, which embodies the second policy described above, is that not only is the usurious portion unenforceable but a penalty attaches to the receipt of a usurious payment which is recoverable by the injured person. 45 Am.Jur.2d 239–40, Interest and Usury § 314; 91 C.J.S. Usury § 145, p. 750.

The current Delaware usury statute follows the third policy. 6 Del.C. § 2304(b). Decisions of other states must be scrutinized to determine which of the three policies described above underlies the decision. Decisions applying the first policy described above are not useful here.

■ Under Delaware law, the loan (sans usurious interest) was not invalid. 6 Del.C. § 2304(b). Hence, the holding of collateral as security for the loan was not invalid. 91 C.J.S. Usury § 63 b, c and d, footnotes 92, 93, 97 and 98, pp. 645, 646; 45 Am.Jur.2d 184–5, Interest and Usury § 241. Under the facts of this case, it appears that defendant was entitled to assert his rights under 5A Del.C. § 9–505(2) with respect to the collateral insofar as the principal amount of the loan was concerned.

■ The statutory provision which permits retention of collateral in satisfaction of a debt places no limitation on the value of the collateral retained. Presumably a creditor could lawfully retain collateral having a value substantially greater than

the amount of the debt and lawful interest satisfied without running afoul of the usury statute. The safeguard in such case is the right of the debtor to object and thereby require sale of the collateral. In such case, his rights under the usury statute would be preserved because the identity of the debt and interest would be maintained.

■ The provision for retention of collateral without limitation as to its value is an unusual provision. No case has been cited which considers its relationship to the usury statute.

Cerasoli had an opportunity to isolate the non-usurious and usurious portions of the loan agreement at the time Schneider gave notice under 5A Del.C. § 9–505(2). By objecting to the notice Cerasoli could have compelled the sale of the collateral and in connection with the sale Cerasoli could have limited Schneider's recovery to the non-usurious claim, in which case Cerasoli would have been entitled to the balance of the proceeds of the sale. 5A Del. C. § 9–504. If the collateral had been sold and Schneider had withheld the usurious interest out of the proceeds, such action might have entitled Cerasoli to the recovery which he seeks here. Instead, Cerasoli elected not to take such action and thereby placed Schneider in a position by which Schneider could retain the collateral in satisfaction of the debt. This led to Schneider's at least colorable position in the Chancery suit.

Cerasoli had a second opportunity to assert the issue of usury as a defense or possible counterclaim in the Chancery suit. Here, Cerasoli elected to make payment in order to obtain dismissal of the suit and obtain the return of the stock.[2]

In view of 5A Del.C. § 9–505(2) and the right of Schneider to utilize it at least as to the non-usurious portion of the loan, it cannot be said that the settlement involving the asserted exercise of this right was invalid.[3] Hence the payment must stand as a settlement payment.

2. Cerasoli is not now seeking to negate the settlement or relitigate the Chancery suit.

3. There has been no showing that Schneider was utilizing his rights under this statute as simply a device for circumventing the usury statute.

Under the facts established by the record Cerasoli is not entitled to recover because the record does not establish even a fact issue indicating that he paid usurious interest.

Accordingly, Schneider's motion for summary judgment is granted.

It is so ordered.

The settlement of the Chancery suit is distinguishable from the settlement of a suit for recovery of a loan plus usurious interest. The fact that the settlement took a different form than the relief sought in the Chancery suit does not affect the validity of the settlement. 15 Am.Jur.2d 951, 956, Compromise & Settlement § 16, § 21.

An executed settlement agreement involving good faith claims and defenses has been held to be binding even though usury was one of the issues settled. 55 Am.Jur. 395, Usury § 103; 45 Am.Jur.2d 246, Interest and Usury § 324. It has also been held to constitute a waiver of the right to litigate the usurious nature of a loan. Clinton G. Bush Company v. Franklin National Bank of Long Island, 20 A.D.2d 904, 248 N.Y.S.2d 990 (1964). 45 Am.Jur.2d 200, Interest and Usury § 261.