■ MIRIAM VALDEZ, Respondent, v RENE R. GARCIA et al., Defendants, and LOURDES BURROWS, Appellant.—In an action to foreclose a mortgage, the defendant Lourdes Burrows appeals from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated December 17, 1987, as denied that branch of her motion which was for leave to offset against the amount due on the mortgage, an amount allegedly due to her as the result of a breach of an agreement between her and the plaintiff's assignor.

Ordered the order is affirmed insofar as appealed from, with costs.

A judgment of foreclosure and sale was entered against the

appellant's assignor on March 12, 1985. Thereafter, the plaintiff's assignor agreed to forgo execution of the judgment and to pay the carrying charges on the premises in exchange for exclusive use and occupancy of the premises. The appellant contends that the plaintiff's assignor breached its agreement to pay the carrying charges on the premises, and that she should be permitted to offset against the amount due on the mortgage the amount allegedly due to her as a result of the plaintiff's assignor's breach.

Generally, as between the parties to a mortgage and their assignees, a judgment of foreclosure is conclusive as to the amount of the mortgagee's lien on the premises *(Grady v Utica Mut. Ins. Co.,* 69 AD2d 668). A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties *(Gray v Bankers Trust Co.,* 82 AD2d 168, *lv denied* 58 NY2d 604). Accordingly, the Supreme Court correctly determined that the defendant Lourdes Burrows was not entitled to an offset against the amount due on the mortgage. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.