■ WAINCO FUNDING, Respondent, v LAURA LOGIUDICE et al., Defendants, and RYNONE MANUFACTURING CORPORATION, Appellant. [606 NYS2d 86] —Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered October 3, 1991 in Dutchess County, which, *inter alia,* granted plaintiff's motion for partial summary judgment.

Defendants Laura Logiudice and Angela Bila (hereinafter the borrowers) own real property in the Town of Hyde Park, Dutchess County. The property is encumbered by two mortgages—a first mortgage in favor of Tuthill Finance securing a $160,000 debt (hereinafter the Tuthill mortgage) and a second

mortgage against Bila's one-half undivided interest in favor of defendant Rynone Manufacturing Corporation (hereinafter Rynone) securing a $470,000 loan guarantee. Following the borrowers' default on the Tuthill mortgage, Tuthill Finance assigned the mortgage to plaintiff which commenced the instant action to foreclose. Because it was a junior mortgagee, Rynone was named as a party defendant in plaintiff's foreclosure action. In an attempt to avoid the prior mortgage, Rynone, whose mortgage also evidently was in default, asserted in its answer that the Tuthill mortgage was usurious and that the 11th-hour assignment to plaintiff constituted champerty in violation of Judiciary Law § 489. In due course, plaintiff moved to dismiss Rynone's defenses and for summary judgment; Rynone cross-moved for summary judgment. Supreme Court granted plaintiff's motion and appointed a Referee. Rynone appeals.

We affirm. While it has been recognized that a subsequent mortgagee may raise the defense of usury against a prior mortgage *(see, Halsey v Winant,* 258 NY 512, 529, *cert denied* 287 US 620; *Union Dime Sav. Inst. v Wilmot,* 94 NY 221, 228; *Besler v Eldorado Cleaners,* 146 Misc 579; *see also, Barrett v Conley,* 35 Misc 2d 47, 48; *cf., Seidel v 18 E. 17th St. Owners,* 79 NY2d 735, 741), because the mortgagee's ability to do so is not inherent but rather derives from its relationship with the borrower, the mortgagee has no better right to allege usury than the borrower has *(Union Dime Sav. Inst. v Wilmot, supra,* at 228). Put another way, if the borrower has waived the defense or otherwise is estopped from asserting it, the mortgagee likewise will be precluded from raising it *(supra; see, Barrett v Conley, supra).* Application of these principles here leads us to the inescapable conclusion that Rynone's usury defense must fail as a review of the record reveals that the borrowers have waived the defense by virtue of their default in this foreclosure action *(see, Barrett v Conley, supra).*

Rynone's champerty defense fares no better. Judiciary Law § 489 prohibits a collection agency or corporation from taking assignment of a note with the intent of bringing an action thereon. Establishment of this defense requires a showing that commencement of suit was the primary purpose of the assignment *(see, Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330; *Sprung v Jaffe,* 3 NY2d 539, 544; *Limpar Realty Corp. v Uswiss Realty Holding,* 112 AD2d 834, 836). Here, the only showing made in this regard consisted of Rynone's statements that plaintiff "has not denied that [it] is directly or indirectly engaged in the business of collection and

adjustment of claims" and "has not disputed that the purpose of the assignment * * * was to bring an action thereon, and that the assignment was made with the intent to bring such an action". Apart from the fact that plaintiff is deemed to have denied any and all allegations contained as part of an affirmative defense (CPLR 3018 [a]; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:9, at 152-153), thus rendering untrue Rynone's allegations that plaintiff has not denied or disputed certain facts, this evidentiary showing simply is inadequate to establish the defense as a matter of law so as to support its motion for summary judgment or to raise any triable issues of fact sufficient to withstand plaintiff's motion.

Weiss, P. J., Mikoll, Mercure and Cardona, JJ., concur. Ordered that the order is affirmed, with costs.