(July 5, 1994)

■ ERIC BEUBE et al., Respondents, v RONALD ENGLISH et al., Appellants. [614 NYS2d 44] —In an action to recover on a promissory note, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Golden, J.), dated August 31, 1991, as granted the plaintiffs' motion for summary judgment in lieu of a complaint; and (2) a judgment of the same court, dated September 2, 1992, which is in favor of the plaintiffs and against them in the principal sum of $260,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiffs' motion for summary judgment. The plaintiffs sustained their initial burden of demonstrating their entitlement to judgment as a matter of law by submitting proof of the existence of the promissory note and the defendants' default in payment (see, European Am. Bank v Syosset Autorama, 204 AD2d 266; North Fork Bank & Trust Co. v Bernstein & Gershman, 201 AD2d 472). Moreover, the defendants' conclusory and unsubstantiated allegations of usury were insufficient to raise a triable issue of fact regarding the validity of the loan agreement (see, Alvarez v Prospect Hosp., 68 NY2d 320; New York Natl. Bank v Harris, 182 AD2d 680). In this regard, we note that although the interest rate charged by the plaintiffs was in excess of 16%, which is the maximum rate of interest which can be charged to an individual borrower (see, General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]; First Natl. Bank v Mountain Food Enters., 159 AD2d 900), the 16% ceiling on interest rates is inapplicable "to any loan or forbearance in the amount of two hundred and fifty thousand dollars or more, other than a loan or forbearance secured primarily by an interest in real property improved by a one or two family residence" (General Obliga-

tions Law § 5-501 [6] [a]). In any event, the defendants are barred from raising usury as a defense to this action because they could have asserted the defense in a prior foreclosure action, in which they defaulted (see, *Bank of N. Y. v Route 312 Dev. Corp.*, 185 AD2d 582; *Tantillo v Giglio*, 156 AD2d 664, 665; see also, *Wainco Funding v Logiudice*, 199 AD2d 950; *Valdez v Garcia*, 151 AD2d 471; *Farmers' Prod. Credit Assn. v Feinen Bros.*, 144 AD2d 955; *Gray v Bankers Trust Co.*, 82 AD2d 168, 170-171). Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.